Petra Ann Cortese and Peter P. Cortese and Florence Cortese, his wife, Appellants *v.* Commonwealth of Pennsylvania, Department of Transportation, et al., Appellees.

Argued June 6, 1983, before Judges ROGERS, CRAIG and MACPHAIL, sitting as a panel of three.

*Pasco L. Schiavo,* for appellants.

*Herbert L. Olivieri,* Chief, Torts Litigation Unit, with him *Randall G. Gale,* Deputy Attorney General,

and *LeRoy S. Zimmerman,* Attorney General, for appellees.

OPINION BY JUDGE MACPHAIL, August 19, 1983:

Appellants,[1] who are residents of Wyoming County, brought this suit in trespass for injuries allegedly sustained by Petra Cortese[2] in a one car accident which occurred February 1, 1980 in Wyoming County. Petra was a passenger in an automobile operated by one George A. Abbey, Jr. who was killed in the accident. The personal representative of Mr. Abbey's estate, a resident of Luzerne County, is also a defendant in this action.

Appellants appeal from an order of the Court of Common Pleas of Luzerne County which sustained the preliminary objection of the Department of Transportation (DOT) raising the question of venue. The trial court's order transferred the case to Wyoming County where the cause of action arose.

Article I, Section 11 of the Constitution of the Commonwealth of Pennsylvania provides that ''Suits may be brought against the Commonwealth in such manner, *in such courts* and in such cases as the Legislature may by law direct''. (Emphasis added.) Acting pursuant to that constitutional authority, the legislature in Section 8523 of the Judicial Code (Code), 42 Pa. C. S. §8523 provided that actions for claims against a Commonwealth party shall be brought in and only in the county where the cause of action arose or where a transaction or occurrence took place out of which the cause of action arose or in a county ''in which the principal or local office of the Commonwealth party is located''. The Legislature further provided in Section 3(b) of the Act of September 28, 1978, P.L. 788,

---

[1] Petra Ann Cortese, Peter P. Cortese and Florence Cortese.

[2] The other Appellants are the parents of Petra.

42 Pa. C. S. App.:11 that the Attorney General should promulgate rules and regulations not inconsistent with the provisions of the Code to implement the intent thereof.

Pursuant to that authority, the Attorney General has adopted regulations found, or formerly found, at 37 Pa. Code §§111.1-111.3. With respect to these regulations, the critical question is which regulations were in effect when the instant suit was commenced?

The action was commenced in Luzerne County on January 20, 1982 by a writ of summons which was personally served upon the decedent's personal representative and upon the County Maintenance Manager of DOT at the maintenance shed located at Bear Creek Township, Luzerne County.

On January 4, 1980, the Attorney General adopted regulations effective January 5, 1980, 37 Pa. Code §111.1 which provided that *service of process* upon Commonwealth agencies should be made at the "principal office or one of the local offices of the defendant agency" as set forth in a separate sub-section of Section 111.1. For DOT, the location of such offices was designated as the office of Chief Counsel in Harrisburg, Pittsburgh and Philadelphia.

Effective December 26, 1981, the Attorney General promulgated 37 Pa. Code §111.2, which bears the title of "Venue". Section 111.2 provided that venue in actions in trespass against the Commonwealth or Commonwealth parties would lie only in the cause of action county, the county where a transaction or occurrence took place out of which a cause of action arose or "where an office of the Commonwealth or a Commonwealth party is designated under §111.1 (relating to service of process)". Section 111.1 was amended at the same time to designate the Office of

Chief Counsel in Harrisburg as the sole location where the process could be served.

Sections 111.2 and 111.3 were deleted by an amendment to Section 111.1 effective January 30, 1982, which amendment also restored the Office of Chief Counsel in Philadelphia and Pittsburgh as locations where service of process could be had.

. It will thus appear that on January 20, 1982, when the instant suit was commenced and on January 21, 1982, when the writ of summons was served on DOT, venue for this action as it affects DOT would be in Wyoming County, where the cause of action arose, or in Dauphin County where the service of process was authorized by the Attorney General.

Since there was no principal or local office of DOT designated by the Attorney General in Luzerne County for the service of process, DOT argues that the instant action could not there be commenced against it. Appellants argue that 1) there were no regulations in effect on January 20, 1982 specifying where venue for the cause of action would lie against DOT and 2) the Attorney General had not designated a local office for service of process, therefore, the provisions of Section 8523 of the Code would prevail.

As we have seen, of course, there *were* regulations in effect on January 20 and 21, 1982 providing for venue for cases in trespass against the Commonwealth. It is true that the Attorney General did eliminate the Pittsburgh and Philadelphia offices of its chief counsel for the service of process and thereby, under the provisions of Section 111.2 then in effect, eliminated also Allegheny and Philadelphia Counties as counties of proper venue for suits against the Commonwealth.

Appellants would have us conclude that since the only remaining office for service upon DOT was its

principal office, this somehow reactivates the maintenance office of DOT in Luzerne County as a "local office" for the service of process which, in turn, renders Luzerne County a proper county for venue in the instant case. We cannot agree. We do not believe that Section 8523 of the Code should be so narrowly construed. When the legislature vested the Attorney General with authority to implement the intent of the Code by the promulgation of regulations relative to suits against the Commonwealth, it authorized the chief litigation officer in the Commonwealth to provide a forum conveniens *for the Commonwealth* to answer suits brought against it. We do not believe it was necessary for the Attorney General to designate more than one location for the commencement of suit against it in order to effectuate the intent of the Code. The result of the regulations in the instant case was to give Appellants the choice of two counties, Wyoming or Dauphin. To permit suits against DOT in all 67 counties of the Commonwealth regardless of where the cause of action arose, in our opinion, would be a gross distortion of the intent of the Code.

By designating Wyoming County as the proper county of venue in the instant case, the trial court properly interpreted the law and properly noted that that county was not only the cause of action county but the county of residence of the Plaintiffs and of the decedent as well.

Order affirmed.

### ORDER

The order of the Court of Common Pleas of Luzerne County dated August 3, 1982 sustaining the preliminary objection of the Department of Transportation and transferring the case to Wyoming County is affirmed.