## Stanley v. Pa. Department of Transportation

*Louis M. Tarasi, Jr.,* for plaintiffs.
*Frank J. Micale,* for defendants.

WEKSELMAN, *J.,* February 10, 1984—This trespass action arises out of a collision between an auto-

mobile operated by plaintiff Martin C. Stanley and a vehicle owned by PennDOT and being operated by defendant Collins at the intersection of Route 19 and Oak Springs Road in Washington County. The suit was commenced in Allegheny County by the filing of a complaint in trespass on November 23, 1983. PennDOT has filed preliminary objections to the complaint raising questions of venue under 42 Pa.C.S. §8523, as well as under Rule 1006(d), Pa.R.C.P., which preliminary objections are before this court for disposition.

The forum non conveniens claim is not difficult of resolution. While it is true that the incident occurred in Washington County, the convenience of the parties will not be substantially enhanced by a transfer of the matter to that county. Plaintiffs are residents of Allegheny County and the medical care rendered to husband-plaintiff occurred substantially in Allegheny County. The distances involved are not such as to militate strongly in favor of Washington County as a proper forum and the court, giving proper deference to the choice of forum by plaintiffs, finds that there is sufficient contact with Allegheny County to permit the action to proceed here.

A much more difficult question is presented by the provisions of 42 Pa.C.S. §8523. That section provides as follows:

(a) Venue.—Actions for claims against a Commonwealth party may be brought in and only in a county in which the principal or local office of the Commonwealth party is located or in which the cause of action arose or where a transaction or occurrence took place out of which the cause of action arose. If venue is obtained in the Twelfth Judicial District (Dauphin County) solely because the principal office of the Commonwealth party is located within it, any judge of the Court of Common Pleas

of Dauphin County shall have the power to transfer the action to any appropriate county where venue would otherwise lie.

It is the contention of PennDOT that its principal or local office is not located in Allegheny County and that venue is therefore improper in Allegheny County. Plaintiffs contend that there is, indeed, a local office of PennDOT in Allegheny County.

There is a dearth of authority with respect to proper venue in situations such as those hereinabove described. Only three cases have been cited to the court. One is a decision by Judge Doyle of this court in Conover v. PennDOT at G.D. 83-04739. That opinion is not very helpful. In that case, plaintiff, a resident of Mercer County, was injured by a rock which fell or was thrown from an overpass on Interstate Highway 80 in Clearfield County. The action was filed in Allegheny County. There, PennDOT filed a preliminary objection to venue under 42 Pa.C.S. §8523. The only decisional portion of the opinion states as follows: "Plaintiff has failed to allege any connection with this forum. The 'local office' of defendant is not in Allegheny County." From this, it is difficult to determine whether Judge Doyle relied solely on the language of §8523 or whether he took into consideration the lack of connection with Allegheny County. As can be seen in the instant case, there is a strong connection with Allegheny County and the only question which remains is the proper interpretation of §8523.

The second case cited by the parties is the per curiam order of the Commonwealth Court in PennDOT v. Budnicki at No. 348 Misc. Dkt. No. 3. That case was not a forum non conveniens case but, instead, involved solely a question of venue under §8523. The matter before the Commonwealth Court was a motion for the allowance of an appeal from an

interlocutory order under Rule 1311, Pa. R.A.P. The per curiam order stated simply:

"As it appears that the Department of Transportation has a local office in Philadelphia, we do not believe that the order of the trial court denying DOT's preliminary objections raising a question of venue and its order refusing to amend said order pursuant to 42 Pa.C.S. §702(b) are "so egregious as to justify prerogative appellate correction." That order is also of very little assistance to the court.

The only case of which the court is aware which provides any guidance is Cortese v. Com., Dept. of Transp., 76 Pa. Commw. 462, 463 A.2d 1293 (1983). That case involves plaintiffs who were residents of Wyoming County who brought suit in Luzerne County against PennDOT for injuries arising out of an accident which occurred on February 1, 1980, in Wyoming County. PennDOT filed preliminary objections which were sustained and the trial court order transferred the case to Wyoming County where the cause of action arose. The action was commenced in Luzerne County on January 20, 1982, by a writ of summons which was served upon the County Maintenance Manager of DOT at the maintenance shed located at Bear Creek Township in Luzerne County. The Commonwealth Court makes clear that §8523 must be read in conjunction with §8522 and the historical note thereto. Section 3(b) of that note requires the attorney general to promulgate rules and regulations not inconsistent with the provisions of the code to implement its intent. The Attorney General had adopted such regulations which were to be found in 37 Pa. Code §111.1—111.3. The Commonwealth Court's decision turned on which regulations were in effect when the Cortese writ was filed and served. It appears that the substance of the Commonwealth

Court's decision is contained in the following language from that opinion:

"On January 4, 1980, the attorney general adopted regulations effective January 5, 1980, 37 Pa. Code §111.1 which provided that service of process upon Commonwealth agencies should be made at the "principal office or one of the local offices of the defendant agency" as set forth in a separate subsection of Section 111.1. For DOT, the location of such offices was designated as the Office of Chief Counsel in Harrisburg, Pittsburgh and Philadelphia.

Effective December 26, 1981, the attorney general promulgated 37 Pa. Code §111.2 which bears the title of "Venue". Section 111.2 provided that venue in actions in trespass against the Commonwealth or Commonwealth parties would lie only in the cause of action county, the county where a transaction or occurrence took place out of which a cause of action arose or "where an office of the Commonwealth or a Commonwealth party is designated under §111.1 (relating to service of process)". Section 111.1 was amended at the same time to designate the Office of Chief Counsel in Harrisburg as the sole location where process could be served.

Sections 111.2 and 111.3 were deleted by an amendment to Sections 111.1 effective Janaury 30, 1982, which amendment also restored the Office of Chief Counsel in Philadelphia and Pittsburgh as locations where service of process could be had.

It will thus appear that on January 20, 1982, when the instant suit was commenced and on January 21, 1982, when the writ of summons was served on DOT, venue for this action as it affects DOT would be in Wyoming County, where the cause of action arose, or in Dauphin County where the service of process was authorized by the attorney general.

Since there was no principal or local office of DOT designated by the Attorney General in Luzerne County for the service of process, DOT argues that the instant action could not there be commenced against it. Appellants argue that (1) there were no regulations in effect on January 20, 1982 specifying where venue for the cause of action would lie againt DOT and (2) the Attorney General had not designated a local office for service of process, therefore, the provisions of Section 8523 of the Code would prevail.

As we have seen, of course, there were regulations in effect on January 20 and 21, 1982 providing for venue for cases in trespass against the Commonwealth. It is true that the Attorney General did eliminate the Pittsburgh and Philadelphia offices of its chief counsel for the service of process and thereby, under the provisions of Section 111.2 then in effect, eliminated also Allegheny and Philadelphia Counties as counties of proper venue for suits against the Commonwealth.

Appellants would have us conclude that since the only remaining office for service upon DOT was its principal office, this somehow reactivates the maintenance office of DOT in Luzerne County as a "local office" for the service of process which, in turn, renders Luzerne County a proper county for venue in the instant case. We cannot agree. We do not believe that Section 8523 of the code should be so narrowly construed. When the legislature vested the attorney general with authority to implement the intent of the code by the promulgation of regulations relative to suits against the Commonwealth, it authorized the chief litigation officer in the Commonwealth to provide a forum conveniens for the Commonwealth to answer suits brought against it. We do not believe it was necessary for the Attorney

General to designate more than one location for the commencement of suit against it in order to effectuate the intent of the code. The result of the regulations in the instant case was to give Appellants the choice of two counties, Wyoming or Dauphin."

As hereinabove indicated, the instant lawsuit was commenced by complaint filed on November 23, 1983. By that time §111.1 had once again been amended. Service of process on the Department of Transportation was then permitted at the Office of Chief Counsel of the Department of Transportation in Harrisburg, at the office of chief counsel of the Department of Transportation in Philadelphia, and at the office of chief counsel of the Department of Transportation in Pittsburgh, and it was at the latter location that service was effected.

In keeping with the rationale of Cortese, the court believes that venue in the case at bar was proper in Dauphin, Philadelphia or Allegheny County, as well as the county where the incident occurred. The Commonwealth Court did, indeed, state in Cortese that "to permit suits against DOT in all 67 counties of the Commonwealth, regardless of where the cause of action arose, in our opinion would be a gross distortion of the intent of the code." The overruling of DOT's preliminary objections in the instant case, of course, does not have the effect of authorizing suits against DOT in all 67 counties of the Commonwealth and, as §111.1 now reads, suits would be authorized in one of only four counties in any instance; namely, the county where the cause of action arose, or Philadelphia, Dauphin or Allegheny County.

It appears to the court that this area of the law should be clarified by the appellate courts. It is not clear to this court that Rule 311, Pa. R.A.P., allows an interlocutory appeal as a matter of right. Section

(b) may make this court's order appealable as of right. In the event that it does not, however, the court's order overruling the preliminary objections will contain the necessary language under 42 Pa. C.S. §702 so that PennDOT may at least seek an interlocutory appeal by permission.

An appropriate order will be entered overruling the preliminary objections.

## ORDER OF COURT

And now, this February 10, 1984, after argument and due consideration, defendants' preliminary objections are overruled and defendants are granted leave to file such responsive pleading as they deem appropriate within 30 days of the date of this order.

It is the opinion of the court that the above order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the matter.