Commonwealth of Pennsylvania, Department of Transportation, Petitioner *v.* Paul Chatzidakis, Respondent.

Commonwealth of Pennsylvania, Department of Transportation, Petitioner *v.* Lawrence S. Barkley, et al., Respondents.

Commonwealth of Pennsylvania, Department of Transportation, Petitioner *v.* Patrick S. Burris, Respondent.

Harold S. Reigle and Mildred H. Reigle, h/w *v.* Commonwealth of Pennsylvania, et al. Commonwealth of Pennsylvania, Department of Transportation, Appellant.

Commonwealth of Pennsylvania, Department of Transportation, Appellant *v.* Elizabeth Ann Agusta, Appellee.

Argued January 30, 1985, before president Judge CRUMLISH, JR., and Judges ROGERS, CRAIG, MACPHAIL, DOYLE, COLINS and PALLADINO.

108

*William A. Slotter*, Deputy Attorney General, with him, *Claudia J. Martin* and *Rosanna Dengg Weissart*, Deputy Attorneys General, *Mark E. Garber*, Chief, Tort Litigation Unit, and *LeRoy S. Zimmerman*, Attorney General, for petitioner/appellant, Commonwealth of Pennsylvania, Department of Transportation.

*Daniel L. Thistle, Beasley, Hewson, Casey, Colleran, Erbstein & Thistle*, for appellee, Paul Chatzidakis.

*Richard R. Isaacson, Berlin, Boas and Isaacson,* for appellees, Lawrence S. Barkley and Falcha-Dean Barkley, his wife.

*Christine L. Donohue, Evans, Rosen & Quinn,* for Amicus Curiae, The Pennsylvania Trial Lawyers Association.

*James J. Black, III,* with him, *Raymond M. Victor* and *Charles J. Arena, Raymond M. Victor, P.C.,* for appellee, Patrick S. Burris.

*Lawrence A. Katz,* with him, *William L. Keller, Coffey, Keller & Kaye,* for appellees, Harold S. Reigle and Mildred Reigle, his wife.

*Michael D. Becker,* with him, *Mark S. Fridkin, Marks, Feiner and Fridkin, P.C.,* for appellee, Elizabeth Ann Agusta.

OPINION BY JUDGE MACPHAIL, May 2, 1985:

In these consolidated appeals, the sole issue presented is where venue lies in trespass actions instituted against the Department of Transportation (DOT). In each case, preliminary objections were filed and an appropriate order entered by the trial court. Because the various orders involved controlling questions of law upon which there was substantial ground for difference of opinion, we elected to hear the appeals certified to us pursuant to the provisions of Section 702 of the Judicial Code (Code), *as amended,* 42 Pa. C. S. §702.

Article I, Section 11 of the Constitution of Pennsylvania provides in pertinent part:

Suits may be brought against the Commonwealth in such manner, in such courts and in such cases as the Legislature may by law direct.

Pursuant to that constitutional authority, the legislature has provided as follows:

(a) Venue.—Actions for claims against a Commonwealth party may be brought in and only in a county in which the principal or local office of the Commonwealth party is located or in which the cause of action arose or where a transaction or occurrence took place out of which the cause of action arose. If venue is obtained in the Twelfth Judicial District (Dauphin County) solely because the principal office of the Commonwealth party is located within it, any judge of the Court of Common Pleas of Dauphin County shall have the power to transfer the action to any appropriate county where venue would otherwise lie.

(b) Process.—Service of process in the case of an action against the Commonwealth shall be made at the principal or local office of the Commonwealth agency that is being sued and at the office of the Attorney General.

Section 8523 of the Code, 42 Pa. C. S. §8523.

In Section 3(b) of the Act of September 28, 1978, P.L. 788 (Act), 42 Pa. C. S. App.: 11, it is stated that:

The Attorney General shall promulgate rules and regulations not inconsistent with this act in order to implement the intent of the act. The subject of the rules and regulations may include . . . the designation of local and principal offices for Commonwealth agencies. . . .

Pursuant to that authority, the Attorney General promulgated the following regulations: (1) 37 Pa. Code §111.1, effective January 5, 1980, provided that *service of process* upon Commonwealth agencies should be made at the principal office or at one of the designated local offices of the agency being sued as

set forth in a separate sub-section. For DOT, the offices so designated were the Office of Chief Counsel in Harrisburg, Pittsburgh and Philadelphia; (2) 37 Pa. Code §111.2, effective December 26, 1981, provided that *venue* in actions in trespass against the Commonwealth or Commonwealth parties would lie only in the cause of action county, the county where a transaction or occurrence took place out of which a cause of action arose *or* where an office of the Commonwealth party had been designated in 37 Pa. Code §111.1. The instant regulation also amended Section 111.1, insofar as designated offices for the service of process on DOT was concerned, to specify that the sole location where process could be served was the Office of Chief Counsel in Harrisburg; and (3) Effective January 30, 1982, 37 Pa. Code §111.2 was deleted and the Offices of Chief Counsel in Philadelphia and Pittsburgh were added to the designated offices where service of process could be had upon DOT.

Since all of the litigants agree, as they must, that venue in cases where DOT is sued will lie in the cause of action county or a county where a transaction or occurrence took place out of which the cause of action arose, our inquiry here is limited to an interpretation of the meaning of the words "county in which the principal or local office of the Commonwealth party is located." Section 8523(a) of the Code.

DOT, as we understand its argument, contends that since the Attorney General has deleted 37 Pa. Code §111.2 relating to venue, "local office" must be interpreted as the DOT office responsible for supervising the highway maintenance in the county where the accident occurred or the District Engineering Office for the county in which the accident occurred. In any event, DOT vehemently denies that "local office" can be interpreted as the county highway maintenance

facility located in each of the 67 counties of the Commonwealth.

Plaintiffs (appellees here), on the other hand, contend in the alternative that either the Attorney General's designation of the local offices for the service of process controls, notwithstanding the deletion of 37 Pa. Code §111.2, or that a county highway maintenance facility is a local office in each of the counties of the Commonwealth for the purposes of venue.[1]

In *Cortese v. Department of Transportation*, 76 Pa. Commonwealth Ct. 462, 463 A.2d 1293 (1983), we had occasion to construe the Attorney General's regulations as they existed on January 20, 1982.[2] There we held that in view of the Attorney General's designation of the Office of Chief Counsel in Harrisburg as the "local office" of DOT, a trespass action could be brought against DOT only in Dauphin County or in Wyoming County, the cause of action county. Language in that opinion which is pertinent to the cases now before us held that "[t]o permit suits against DOT in all 67 counties of the Commonwealth regardless of where the cause of action arose, in our opinion, would be a gross distortion of the intent of the Code." 76 Pa. Commonwealth Ct. at 466, 463 A.2d at 1295. We affirm that the intent of the Legislature when it used the term "local office" in Section 8523(a) of the Code, was not to open all 67 counties of the Commonwealth to suits against DOT, irrespective of where the cause of action arose. Had the legislature so intended, it easily could have said so by simply providing that suit could be brought in any county of the

---

[1] An amicus brief from the Pennsylvania Trial Lawyers Association urges us to adopt either of these alternatives.

[2] It may be noted that all of the accidents in the cases now before us occurred after January 30, 1982, the effective date of the 37 Pa. Code §111.2 deletion.

Commonwealth. The statutory language that actions shall be brought *in and only in* certain counties disavows any legislative intent that suit may be brought anywhere in the Commmonwealth.

We come then to the somewhat difficult question of trying to determine what effect, if any, the deletion of 37 Pa. Code §111.2 has upon the issue now before us. As we have previously noted, the development of the law from the Constitution to the statutory law and then to appropriate regulations, has been an orderly process up to January 30, 1982. We now hold that the deletion of Section 111.2 effective on that date has no effect upon the determination of where venue lies in the cases now before us.

To repeat: (1) Section 8523 of the Code merely says that venue lies in a county where the principal office or local office of the Commonwealth party is located but does not define what a "local office" is; (2) Section 3 of the Act states that the Attorney General shall promulgate regulations to implement the intent of the Act and may designate the local and principal offices for Commonwealth agencies; and (3) the Attorney General *has* designated the principal offices and the local offices for the various Commonwealth agencies in 37 Pa. Code §111.1. It is true that the designation of such principal and local office in Section 111.1 is for the service of process but nowhere else is there a designation of such principal and local offices, presumably because no one except the Attorney General is authorized to make such a designation. Furthermore, it seems quite logical to us that venue and the place for service of process should be the same, except where suit is brought in the cause of action county. It would seem quite awkward and contrary to our normal procedures to have venue in a county which is not the cause of action county and

service of process in yet another county.[3] Our legislature does not intend a result that is absurd, impossible of execution or unreasonable. Section 1922(1) of the Statutory Construction Act of 1972, 1 Pa. C. S. §1922(1).

DOT's own designation of counties where venue will lie is not authorized by statute nor is it the subject of any regulation adopted by it. Persons desiring to sue DOT would have no way of determining what alternatives they have to the cause of action county unless they first ascertain from DOT the appropriate county having supervisory responsibility for highway maintenance in the county where the accident occurred or the location of the District Engineering Office. This, we believe to be cumbersome, unnecessary and unauthorized by law.

We hold that trespass actions against DOT may be brought in the cause of action county, the county where a transaction or occurrence took place out of which the cause of action arose or the county wherein is located the principal or local office of DOT as designated by the Attorney General in 37 Pa. Code §111.1 (b).

We now proceed to apply our decision to the cases pending before us.

Chatzidakis v. Department of Transportation

No. 84 Misc. Docket No. 4

Both the Plaintiff and individual named as co-defendant with the Department of Transportation are residents of New Jersey. The accident occurred in

---

[3] Compare Pa. R.C.P. No. 1006(a) which provides that venue in actions at law against individuals may be brought in and only in a county *where process may be served* or where the cause of action arose, or where a transaction or occurrence took place out of which the cause of action arose or in any other county *authorized by law.*

Monroe County on February 20, 1983. Suit was instituted in Philadelphia County. Preliminary objections by DOT raising the question of venue were overruled by the trial court.[4]

Inasmuch as the Office of Chief Counsel of DOT at 1203 State Office Building, Broad and Spring Garden Streets in Philadelphia was designated by the Attorney General as a local office for the service of process on DOT as of the date the accident occurred, we will affirm the order of the trial court.

### Department of Transportation v. Barkley
### No. 85 Misc. Docket No. 4

The plaintiffs in this action reside in Allegheny County. The accident occurred on June 13, 1982 in Venango County. The action was brought in Allegheny County. DOT filed a preliminary objection raising the question of venue. The trial court overruled the preliminary objection.

Inasmuch as on the date the accident occurred the Office of Chief Counsel of DOT at 1209 State Office Building, 300 Liberty Avenue in Pittsburgh, Pennsylvania was designated by the Attorney General as a local office for the service of process on DOT, we will affirm the order of the trial court.

### Department of Transportation v. Burris
### No. 87 Misc. Docket No. 4

The plaintiff in this action is a resident of New Jersey. The cause of action is the same as that in which Chatzidakis is the plaintiff. Burris, the op-

---

[4] Chatzidakis argues to us that DOT's appeal here has been untimely filed. A motion to quash DOT's appeal for that reason was previously filed and heard by Judge CRAIG who denied the motion. That ruling is the law of the case on that issue and will not be considered in this opinion.

erator of the vehicle in which Chatzidakis was a passenger is also a defendant in the action by Chatzidakis against DOT. The action was brought in Philadelphia County. DOT filed a preliminary objection raising the issue of venue. The trial court overruled the preliminary objection.

Inasmuch as on the date the accident occurred the Office of Chief Counsel of DOT at 1203 State Office Building, Broad and Spring Garden Streets in Philadelphia was designated by the Attorney General as a local office for the service of process on DOT, we will affirm the order of the trial court.

Department of Transportation v. Reigle

No. 89 Misc. Docket No. 4

The plaintiffs are residents of Pennsylvania. A corporate co-defendant with DOT has its principal place of business in Montgomery County. The accident happened on June 4, 1982 in Bucks County. Suit was commenced in Philadelphia County. DOT filed a preliminary objection raising the question of venue which was overruled by the trial court.

Inasmuch as on the date the accident occurred the Office of Chief Counsel of DOT at 1203 State Office Building, Broad and Spring Garden Streets in Philadelphia was designated by the Attorney General as a local office for the service of process on DOT, we will affirm the order of the trial court.

Department of Transportation v. Agusta

No. 116 Misc. Docket No. 4

Plaintiff is a resident of New Jersey. The accident occurred June 16, 1982 in Monroe County. The action was brought in Philadelphia County. DOT filed a preliminary objection raising the question of

venue. The trial court overruled the preliminary objection.

Inasmuch as on the date the accident occurred the Office of Chief Counsel of DOT at 1203 State Office Building, Broad and Spring Garden Streets in Philadelphia was designated by the Attorney General as a local office for the service of process on DOT, we will affirm the order of the trial court.

### ORDER IN 84 MISC. DOCKET NO. 4

The orders of the Court of Common Pleas of Philadelphia County entered January 12, 1984 and February 8, 1984, are affirmed.

### ORDER IN 85 MISC. DOCKET NO. 4

The order of the Court of Common Pleas of Allegheny County entered February 10, 1984 is affirmed.

### ORDER IN 87 MISC. DOCKET NO. 4

The orders of the Court of Common Pleas of Philadelphia County entered February 8, 1984 and February 29, 1984, are affirmed.

### ORDER IN 89 MISC. DOCKET NO. 4

The order of the Court of Common Pleas of Philadelphia County entered March 22, 1984, is affirmed.

### ORDER IN 116 MISC. DOCKET NO. 4

The orders of the Court of Common Pleas of Philadelphia County entered April 3, 1984 and May 22, 1984, are affirmed.

Judge WILLIAMS, JR., did not participate in the decision in this case.

———

CONCURRING OPINION BY JUDGE PALLADINO:
I concur in the result achieved by the majority; I disagree, however, with the rationale employed.

118

The majority correctly outlines the development of the law affecting venue for Commonwealth parties through January 30, 1982 when the Attorney General deleted 37 Pa. Code §111.2, the regulation which designated local offices of the Department of Transportation (DOT) for purposes of venue. The majority then acknowledges that at the time the suits now before us were filed there existed no such designation by the Attorney General, but holds "that the deletion has no effect upon the determination of where venue lies in the cases now before us." Slip op. at 5. I disagree.

I first note that the statute does not apply solely to DOT; it applies to all Commonwealth parties. Although DOT has offices in all 67 counties, this is not true for all Commonwealth parties. I do not, therefore, find that interpreting "local office" to mean "all local offices" leads to an abused result as the majority contends. I disagree with the majority's assertion, that if the legislature had intended to lay venue *against DOT* in all 67 counties it could have done so "by simply providing that suit could be brought in any county of the Commonwealth," because the assertion does not take into consideration that the statute applies to all Commonwealth parties.

To the contrary, the legislature drafted a statute which could reasonably be applied to all Commonwealth parties and then delegated to the Attorney General[1] the authority to mold the statutory requirements to fit the peculiar needs of each individual Commonwealth party. This the Attorney General did when it promulgated 37 Pa. Code §§111.1 and 111.2. Pursuant to its delegated authority, the Attorney General initially designated venue to be proper in the same places

[1] *See* Act of September 28, 1978, P.L. 788, §3(b), 42 Pa. C. S. 3. App.: 11.

that service of process could be made. Also pursuant to its delegated authority, it deleted its designation. The deletion was a proper exercise of its authority and this Court may not preempt that authority by declaring that the deletion is of no effect.

The effect of the deletion of §111.2 is that for purposes of venue the Attorney General has not designated local and principal offices for Commonwealth agencies. Because this Court is not authorized to make the designation, we must adhere to our role of interpreting the existing law. The existing law is Section 8523 of the Judicial Code, 42 Pa. C. S. §8523 which states that venue is proper in the county of the principal or local office of a Commonwealth party.

The Joint State Government Commission's Report on Sovereign Immunity, which formed the basis of the Sovereign Immunity Act[2], 42 Pa. C. S. §§8521-8528, of which §8523 is a part, states that the proposed venue provisions incorporated the definition of corporate offices contained in Pa. R.C.P. No. 2179(a) which provides that they are located in the county where its registered or principal place of business is located, or a county where it regularly conducts business. Joint State Government Commission's Report at p. 22. The report further states:

> The proposed venue provision affords a great deal of discretion to plaintiffs to determine where suit will be filed. Under these provisions, no resident of the Commonwealth should be required to initiate suit against the Commonwealth in a distant, inconvenient county.

*Id.*

---

[2] *See Carroll v. County of York*, 496 Pa. 363, 437 A.2d 394 (1981).

It is clear that the legislative intent was to make it convenient for plaintiffs to sue the Commonwealth. The majority's conclusion that venue is proper in only Philadelphia, Dauphin and Allegheny Counties does not facilitate suits against D.O.T. by many residents, especially those in the northern part of the Commonwealth. Because the objective of statutory interpretation is to effectuate the purposes of the General Assembly and the contemporaneous legislative history is an appropriate source from which to ascertain that intent[3], I conclude that in the absence of an effective designation of principal and local offices for purposes of venue by the Attorney General, venue is proper in all counties in which a Commonwealth party has a local office.

Additionally, I find the majority's reliance on *Cortese v. Department of Transportation*, 76 Pa. Commonwealth Ct. 462, 463 A.2d 1293 (1983) inapposite because at the time the *Cortese* suit was filed the Attorney General's regulation was in effect and was applied to the facts of that case. Similarly, the majority's analogy to Pa. R.C.P. No. 1006 is misplaced. While it is true that Pa. R.C.P. No. 1006(a) provides that venue is proper where process may be served, it also provides for venue "in any other county authorized by law". Thus venue is not limited to those counties where process may be served.

I would affirm the orders of the Courts of Common Pleas for the reason that DOT maintains local offices in each of the counties where the suits now before us were filed, and therefore venue is proper in each of these counties.

Judge CRAIG joins in this Concurring Opinion.

---

[3] *See* 1 Pa. C. S. §1921.