354

634 A.2d 1162

Kevin BUMBERGER, a minor, by his
guardian, Alice HEMS, Appellant,

v.

Harry DUFF, ADT Company, Inc., Bristol Township, Rohm
& Haas Company, John Manera and Louise Manera
and Ralph Manera (Two Cases).

Commonwealth Court of Pennsylvania.

Argued Oct. 4, 1993.

Decided Dec. 1, 1993.

Reargument Denied Jan. 31, 1994.

Joseph R. Viola, for appellants.

William D. Dienna, for appellee ADT Co., Inc.

Joseph M. Cincotta, for appellee Rohm and Haas Co.

Before COLINS and PELLEGRINI, JJ., and LORD, Senior Judge.

PELLEGRINI, Judge.

Kevin Bumberger (Kevin), by his guardian, Alice Hems (Grandmother), appeals from an order of the Court of Common Pleas of Bucks County (trial court) coordinating[1] proceedings in Bucks County on separate actions filed in Bucks County and Philadelphia County that arose from the same incident.[2]

1. **Rule 213.1.** **Coordination of Actions in Different Counties**

(a) In actions pending in different counties which involve a common question of law or fact or which arise from the same transaction or occurrence, any party, with notice to all other parties, may file a motion requesting the court in which a complaint was first filed to order coordination of the actions....

* * * * * *

(c) In determining whether to order coordination and which location is appropriate for the coordinated proceedings, the court shall consider, among other matters:

(1) whether the common question of fact or law is predominating and significant to the litigation;

(2) the convenience of the parties, witnesses and counsel;

(3) whether the coordination will result in unreasonable delay or expense to a party or otherwise prejudice a party in an action which would be subject to coordination;

(4) the efficient utilization of judicial facilities and personnel and the just and efficient conduct of the actions;

(5) the disadvantages of duplicative and inconsistent rulings, orders or judgments;

(6) the likelihood of settlement of the actions without further litigation should coordination be denied.

2. Pa.R.A.P. 311. Interlocutory Appeals as of Right.

(c) Changes of venue, etc. An appeal may be taken as of right from an order in a civil action or proceeding changing venue, transferring the matter to another court of coordinate jurisdiction, or declining to proceed in the matter on the basis of forum non conveniens or analogous principles.

Kevin, a minor, lived with his Grandmother and was a resident of Bucks County. On June 1, 1989, Kevin was injured when the bicycle he was riding was involved in a collision with a truck operated by Harry Duff[3] (Duff) in his capacity as an employee of ADT Corporation, Inc. (ADT). The collision occurred in Bristol Township, Bucks County, at the intersection of a private driveway and River Road. The driveway was located on land owned by Rohm & Haas Company (Rohm & Haas) and leased to John and Louise Manera (Maneras). Bristol Township owned the right-of-way along River Road.

In July of 1989, on Kevin's behalf, Grandmother filed a complaint in the Court of Common Pleas of Bucks County for damages against Duff and ADT. Duff and ADT later joined Rohm & Haas, the Maneras and Bristol Township as additional defendants. Soon thereafter, Kevin's mother Jeanette Bumberger (Mother), a resident of Philadelphia County, filed a separate complaint in the Court of Common Pleas of Philadelphia County for damages against Duff and ADT. In August, Mother filed a second action, again in the Court of Common Pleas of Philadelphia County, against Rohm & Haas and the Maneras that was consolidated with her action against Duff and ADT. After guardianship of Kevin was awarded to Grandmother by the Bucks County Orphan's Court, Grandmother was substituted for Mother in the consolidated Philadelphia Common Pleas actions. Thereafter, Duff, ADT and Rohm & Haas filed a motion to transfer the consolidated Philadelphia actions to Bucks County pursuant to Pa.R.C.P. 1006, *forum non conveniens.* The motion was denied by the Court of Common Pleas of Philadelphia County.

Following the denial of the motion to transfer, Duff and ADT filed a third-party complaint naming Bristol Township as a defendant in the consolidated Philadelphia County actions. Bristol Township filed preliminary objections to the third-party complaint contending by law, under the facts of this case, it could only be sued in Bucks County. The Court of Common Pleas of Philadelphia County granted the prelimi-

3. Duff was also a resident of Bucks County.

nary objections severing the third-party complaint against Bristol Township from the consolidated Philadelphia actions and transferred it to the Court of Common Pleas of Bucks County.[4]

■   Subsequently, Grandmother filed a petition to discontinue the complaint filed in the Court of Common Pleas of Bucks County which was initially granted but then vacated. An amended petition to discontinue was then filed.   In response, Duff and ADT filed in the Court of Common Pleas of Bucks County a motion to coordinate the Bucks County and Philadelphia County actions.   The trial court denied the amended petition to discontinue and granted the motion to coordinate finding that coordination was proper between the original action filed by Grandmother, the actions initially filed by Mother and the third-party Complaint because of a common question of law and fact.[5]   Because Bristol Township could only be sued in Bucks County, the trial court found that coordination was appropriate in the Court of Common Pleas of Bucks County.   However, in deference to the Court of Common Pleas of Philadelphia County's denial of the Rule 1006 *forum non conveniens* motion, the trial court's order provided for transfer of the coordinated cases back to Philadelphia County if Bristol Township ceased to be a party to the litigation.   This appeal followed.[6]

4.   As a result, the Bucks County docket contained the complaint filed by Grandmother against Bristol Township, Duff, ADT, Rohm & Haas, and the Maneras, and the third-party complaint filed by Duff and ADT against Bristol Township.   The Philadelphia County docket contained only the consolidated actions filed by Grandmother/Mother against Duff, ADT, Rohm & Haas and the Maneras.

5.   The trial court also found that there was no evidence that coordination would prejudice any party or undermine the likelihood of settlement, and that without coordination, there was a danger of duplication and inconsistency between the Philadelphia and Bucks County Courts of Common Pleas.

6.   Our standard of review for a Pa.R.C.P. 213.1 coordination order is to determine whether there was an abuse of discretion; so long as the record provides sufficient support to justify the transfer, no abuse has been shown. *Lincoln General Insurance Co. v. Donahue*, 151 Pa.Commonwealth Ct. 297, 304, 616 A.2d 1076, 1080 (1992).

■ Grandmother contends that the trial court abused its discretion in coordinating, because coordination is not proper when there are two identical but separate actions being pursued in different counties.[7] She argues that coordination pursuant to Rule 213.1 is appropriate only when there are two or more distinct actions arising from a single transaction or occurrence and proceeding in different counties. According to Grandmother, because the complaints filed in the Bucks and Philadelphia Courts of Common Pleas arise from the same facts and same cause of action, they are identical and cannot be coordinated. Even if the trial court could coordinate identical actions, Grandmother contends that the facts of this case do not warrant coordination.[8]

■ A coordination petition filed pursuant to Rule 213.1 presents the trial court with two questions—whether coordination is warranted and, if so, which jurisdiction is most appropriate for the cases to be heard. In order to determine whether coordination is appropriate, Rule 213.1(c) provides guidelines for the trial court to consider, including whether the complaints involved a "common question of law or fact or arose from the same occurrence." Grandmother contends that when complaints involve common questions of law AND fact AND arise from the same occurrence, coordination is not

7.  Before this court, Grandmother did not address the trial court's denial of the amended petition to discontinue the Bucks County complaint. This issue is, therefore, considered waived. Pa.R.A.P. 2116, 2119; *Tyler v. Unemployment Compensation Board of Review*, 139 Pa.Commonwealth Ct. 598, 591 A.2d 1164 (1991).

8.  Grandmother also argues that the trial court was estopped from coordinating the Bucks County and Philadelphia County actions because of the Court of Common Pleas of Philadelphia County's denial of the *forum non conveniens* motion. In *Lincoln General,* we explained that a Rule 1006 motion is available to insure fairness and practicality in the plaintiff's choice of forum, whereas a Rule 213.1 coordination motion provides for transfer to prevent duplicative proceedings and inconsistent rulings. *Id.* 151 Pa.Commonwealth at 302, 616 A.2d at 1079. We held that unless the court denying the Rule 1006 motion specifically found that there was no common issue of law or fact between the actions, a coordination motion was not collaterally estopped. Here, the Philadelphia court simply denied the Rule 1006 motion making no findings. Consequently, the trial court was not collaterally estopped from ordering coordination.

appropriate. This ignores the purpose for coordination under Rule 213.1. Coordination of actions is intended to prevent duplication of efforts and inconsistent rulings by different courts in cases sharing the above elements. *Lincoln General Insurance Co., supra* at 302, 616 A.2d at 1079. The Rule's purpose to avoid duplication of effort and inconsistent rulings remains the same whether the different actions have common questions of law only, fact only, or both. Here, because all the actions in this case were based on common questions of law and fact, the trial court did not abuse its discretion in finding coordination was proper.

■ As to which common pleas court was most appropriate for coordination of the actions, the trial court found that because Bristol Township could only be sued in the Court of Common Pleas of Bucks County pursuant to Section 333 of the JARA Continuation Act of 1980,[9] coordination was most appropriate in that judicial district. Section 333 requires an action involving a political subdivision be brought in either the county where the political subdivision is located, the cause of action arose, or the transaction or occurrence took place out of which the cause of action arose. *See Township of Whitpain v. Goldenberg,* 131 Pa.Commonwealth Ct. 144, 146, 569 A.2d 1002, 1004 (1990). Because Bristol Township was named as a defendant in the complaint filed by Grandmother in Bucks County and in the third-party complaint filed by Duff and ADT in Philadelphia County, and the cause of action occurred in Bucks County, the Court of Common Pleas of Bucks County is the only permissible venue in which all actions may be brought that would avoid duplication of effort and inconsistent results. *Township of Whitpain.* Because the Section 333 mandate presents a substantial reason to coordinate the actions in the Court of Common Pleas of Bucks County, the

9. Act of October 5, 1980, P.L. 693, 42 P.S. § 20043. Section 333 provides:

Actions ... for claims against a local agency may be brought in and only in a county in which the local agency is located or in which the cause of action arose or where a transaction or occurrence took place out of which the cause of action arose.

trial court did not abuse its discretion in deciding to coordinate the actions in that judicial district.

Accordingly, based on the well-reasoned opinion of Judge Susan Devlin Scott, the order of the Court of Common Pleas of Bucks County is affirmed.

## ORDER

AND NOW, this 1st day of December, 1993, the order of the Court of Common Pleas of Bucks County, dated September 16, 1992, is affirmed.