Benedict CHEN, Stacie L. Kelly, Additional successor in interest of Benedict Chen, Deceased,

v.

PHILADELPHIA ELECTRIC COMPANY; Henkels & McCoy, Inc.; Kiewit Eastern Co., Inc.; Kiewit/Perini; Greiner Engineering Services, Inc.; Boswell–Yule Jordan, Inc.; Grove Worldwide; Greiner Engineering Services, Inc. & Boswell–Yule Jordan, Inc., a joint venture; L & R Construction Company, Inc.; Commonwealth of Pennsylvania, Department of Transportation and Boro Lines.

Appeal of Stacie L. KELLY, Appellant.

Stacie L. KELLY, Appellant,

v.

PHILADELPHIA ELECTRIC COMPANY; Henkels & McCoy, Inc.; Kiewit Eastern Co., Inc.; Kiewit/Perini; Greiner Engineering Services, Inc.; Boswell–Yule Jordan, Inc.; Greiner Engineering Services, Inc.; Grove Worldwide; Urban Engineering, Inc.; Construction Methods & Coordination, Inc.; Engineering

Support Services, Inc.; L & R Construction Company, Inc.; Commonwealth of Pennsylvania, Department of Transportation L & R Construction Co., Inc.; Commonwealth of Pennsylvania, Department of Transportation.

Commonwealth Court of Pennsylvania.

Argued May 9, 1995.

Decided June 20, 1995.

Reargument Denied Aug. 4, 1995.

Robert C. Daniels, for appellant.

George F. Bihn, III, for appellee, Dept. of Transp.

Before McGINLEY and SMITH, JJ., and LORD, Senior Judge.

LORD, Senior Judge.

On July 17, 1989, Benedict Chen (plaintiff) sustained severe electrical injuries, including brain damage and associated depression, when a crane contacted overhead power lines during the construction of the Blue Route in Delaware County, Pennsylvania. The plaintiff filed a civil complaint on January 11, 1991 in the Philadelphia County Court of Common Pleas. The defendants in this January Term, 1991 action were Philadelphia Electric Company, Henkels & McCoy, Inc., Kiewit Eastern Company, Inc., Kiewit/Perini, a Joint Venture, Greiner Engineering Services, Inc., Boswell–Yule Jordan, Inc. and Grove Worldwide, formerly Grove Manufacturing Company (Grove).

A second complaint was filed in July, 1991. It named the original defendants from the January Term, 1991 action and added Urban Engineers, Inc., Construction Methods and Coordination, Inc., d/b/a CMC Engineering, and Engineering Support Services, Inc. The Commonwealth Department of Transportation (DOT) was not named as a defendant by the plaintiff under either caption.

At no time have any of the entities named as defendants in plaintiff's actions at January Term, 1991 or July Term, 1991 asserted that venue in Philadelphia County was improper because one or more of these defendants does not regularly conduct business in Philadelphia County.

On March, 21, 1991, the defendant Grove issued a summons to join DOT as an additional defendant. Extensive discovery was conducted.

On April 27, 1994, DOT ruled Grove to file a complaint and on May 31, 1994, DOT filed preliminary objections on the ground of improper venue. In August of that year, the trial court granted those preliminary objections and transferred both actions to Delaware County. This appeal by Stacie Kelly, administratrix of Chen's estate, was then taken.

The statutory venue provision with respect to cases in which the Commonwealth is a party defendant is Section 8523(a) of the Judicial Code (Code), 42 Pa.C.S. § 8523(a):

> Actions for claims against a Commonwealth party may be brought in and only in a county in which the principal or local office of the Commonwealth party is located or in which the cause of action arose or

where a transaction or occurrence took place out of which the cause of action arose. If venue is obtained in the Twelfth Judicial District (Dauphin County) solely because the principal office of the Commonwealth party is located within it, any judge of the Court of Common Pleas of Dauphin County shall have the power to transfer the action to any appropriate county where venue would otherwise lie.

The trial judge applied this statute and the following regulatory provisions promulgated by the Attorney General defining principal and local office as used in Section 8523 of the Code.

(b) The principal offices of Commonwealth parties are the same as those offices designated in § 111.1(b) and (c) (relating to service of process).

37 Pa.Code § 111.4(b);

(c) For purposes of subsection (a)(4), the local office of the Commonwealth party is the local office located in that county where the cause of action arose or where a transaction or occurrence took place out of which the cause of action arose.

37 Pa.Code § 111.4(c).

The trial court concluded that venue in this case against DOT was restricted to Dauphin and Delaware Counties and transferred the entire case to Delaware County. Although the trial judge made no reference to the authority by which he transferred the matter, we assume it was done pursuant to Rule of Civil Procedure 1006(e), Pa.R.C.P. No. 1006(e), which reads

(e) Improper venue shall be raised by preliminary objection and if not so raised shall be waived. If a preliminary objection to venue is sustained and there is a county of proper venue within the State the action shall not be dismissed but shall be transferred to the appropriate court of that county. The costs and fees for transfer

and removal of the record shall be paid by the plaintiff.

Thus, as a result of this transfer, the entire case, which plaintiff instituted in 1991 against numerous defendants who did not object to venue, is transferred three years later because *one* defendant (not the plaintiff) desires to join the Commonwealth (DOT) as a party. We do not believe that either the statute on venue in suits against the Commonwealth or Rule 1006(e) contemplated such a result.

The question now is whether the statutory venue provision governing actions against the Commonwealth applies to situations in which the Commonwealth is joined as an additional defendant, or whether it applies only to those cases in which the Commonwealth is sued originally.

This Court has answered this question and has held that the venue statute does not apply where the Commonwealth is joined as an additional defendant.[1] In *Alter v. Pennsylvania Gas and Water*, 110 Pa.Commonwealth Ct. 349, 353, n. 1, 532 A.2d 913, 915, n. 1 (1987), we said:

*Morrison v. Spears*, 298 Pa.Super. 521, 445 A.2d 110 (1982), upon which the municipalities rely for the proposition that the Luzerne County Court lacked venue is inapplicable. Morrison dealt with a situation where the Commonwealth was an *original* defendant and held that, in such instance, the exception in Pa.R.C.P. No. 1006(c) requiring, in essence, that proper venue for the Commonwealth controls where venue rules conflict because of multiple defendants, applied. Here, however, the Commonwealth is an *additional* defendant and its later joinder cannot deprive the plaintiff of venue, see *Kuehn v. National Freight, Inc.*, 29 Pa.D. & C. 3rd 149 (1982), especially since the various rules governing venue deal only with the question of in which forum an action can be *brought*, i.e. commenced. (Emphasis in original.)

1. In four cases where the plaintiff sued DOT as an original defendant, this Court has held in different factual circumstances that DOT's local office is the office in the county where the accident occurred. *See Bogetti v. Department of Transportation*, 144 Pa.Commonwealth Ct. 180, 601 A.2d 421 (1991); *Bortulin v. Harley-David-son Motor Co.*, 115 Pa.Commonwealth Ct. 42, 539 A.2d 906 (1988); *Department of Transportation v. Chatzidakis*, 89 Pa.Commonwealth Ct. 106, 492 A.2d 1170 (1985); *Cortese v. Department of Transportation*, 76 Pa.Commonwealth Ct. 462, 463 A.2d 1293 (1983).

DOT argues that the above language is dictum and should not be adopted. Even if we accept it as dictum, we are convinced that it is the correct interpretation.

A careful reading of the statute reveals that it speaks only to where actions against a Commonwealth party "may be brought." It makes no mention of the Commonwealth as an additional defendant. Absent such an express provision, this Court should consider other factors in rendering an interpretation.

One important factor is "the consequences of a particular interpretation." 1 Pa.C.S. § 1921(c)(6). If this Court would ignore the *Alter* interpretation and accept DOT's contention that the venue provision of the statute is applicable when DOT is an additional defendant, we have this case as a consequence.

Although the plaintiff here never brought an action against DOT, now, as a matter of law, DOT controls where the entire action shall be conducted. This result occurs without regard for any rights in the choice of a forum the plaintiff had against the other defendants he sued. As a practical matter, any defendant could obtain a change of venue by the simple act of joining DOT as an additional defendant on a simple and perhaps insupportable allegation of negligence by DOT. We cannot conclude that the legislature intended such a result.[2]

On the other hand, if we abide by our language in *Alter* and hold that this venue statute does not apply when DOT is joined as an additional defendant, DOT still has available to it the doctrine of *forum non conveniens* if it believes that that doctrine applies.

Additionally, Pa.R.C.P. No. 1006(e), which gives the Court the power to transfer rather than to dismiss actions,[3] provides that the costs and fees for transfer shall be paid by the *plaintiff*. This language indicates that the rule contemplates only those cases in which the plaintiff originally sues defendants and chooses a forum where venue is improper.

We recognize that the preliminary objections before the court were not based on *forum non conveniens* and that, therefore, the principles governing that doctrine do not apply. However, it is a settled rule that a plaintiff's choice of forum is entitled to considerable weight. *See, e.g., Plum v. Tampax, Inc.,* 399 Pa. 553, 160 A.2d 549 (1960). Any interpretation of section 8523 which makes it applicable to third-party actions so that matters are transferred without regard to plaintiff's choice of forum would be in complete disregard of that settled principle.

We therefore hold that section 8523 is not applicable to third-party proceedings in which the Commonwealth is joined as a defendant by the original defendants against which the action was brought.

Of course, even if the statute operated in third-party actions, we seriously question the propriety of the remedy that the trial judge provided, *viz.,* transfer of the *entire* action when improper venue only existed with respect to the third-party action. In view of our interpretation of the statute, however, we see no reason to discuss this further.

Order of transfer reversed.

### ORDER

AND NOW, this 20th day of June, 1995, the August 30, 1994 orders of the Philadelphia County Common Pleas Court, at Janu-

---

**2.** To the contrary, in *Chatzidakis*, Judge Palladino, joined by former President Judge Craig, noted in a concurring opinion that the clear legislative intent of Section 8523 of the Code was to make it convenient for plaintiffs to sue the Commonwealth in cases where immunity was waived. *Id.* at 120, 492 A.2d at 1175. Judge Palladino cited the Joint State Government Commission's Report on Sovereign Immunity, on which this statute is based.

   The proposed venue provision affords a great deal of discretion to plaintiffs to determine where suit will be filed. Under these provisions, no resident of the Commonwealth should be required to initiate suit against the Commonwealth in a distant, inconvenient county.
   *Id.* at 119, 492 A.2d at 1175.

**3.** Section 8523(a) of the Code itself only grants the power to transfer if the action is brought in Dauphin County.

ary Term 1991, No. 1339 and July Term 1991, No. 1753, are hereby reversed.