**Galina and Richard RIBNICKY, h/w, Appellants,**

v.

**CITY OF ALLENTOWN.**

Commonwealth Court of Pennsylvania.

Argued Feb. 8, 1996.
Decided March 12, 1996.

Richard J. Hunigman, for Appellants.

Patricia A. Siemiontkowski, Assistant City Solicitor, for Appellee.

Before FRIEDMAN and KELLEY, JJ., and MIRARCHI, Senior Judge.

MIRARCHI, Senior Judge.

Galina and Richard Ribnicky (collectively, Plaintiffs) appeal from an order of the Court of Common Pleas of Philadelphia County which granted the motion of the City of Allentown and transferred the case to the Court of Common Pleas of Lehigh County.

On December 1, 1993, Plaintiffs filed a complaint in the Court of Common Pleas of Philadelphia County, alleging that Galina Ribnicky sustained injuries when the car she was driving was struck by a motor vehicle operated by Richard Yerex. Plaintiffs alleged that Galina Ribnicky was travelling in a westerly direction on Union Street in Allentown when her vehicle was struck by Yerex who was travelling in the wrong direction on a one-way street. In their complaint, Plaintiffs alleged that Yerex was an employee of MCI Telecommunications Corporation (MCI) and that, at the time of the accident, he was

acting in the course and scope of his employment. Plaintiffs also alleged that the vehicle driven by Yerex was owned by U.S. Fleet Leasing, Incorporated (U.S. Fleet). Plaintiffs contended that due to the negligence of all Defendants, Galina Ribnicky sustained severe and permanent injuries.

On January 14, 1994, Yerex, MCI and U.S. Fleet (Original Defendants) filed a writ to join the City of Allentown as an additional defendant. On January 27, 1994, Original Defendants filed a motion to transfer venue to Lehigh County pursuant to Pa.R.C.P. No. 1006, *forum non conveniens.* This motion was subsequently denied. On March 2, 1994, the City of Allentown filed a petition to change venue to Lehigh County on the basis that it is a local agency and an action against a local agency may only be brought in the county in which the local agency is located. This petition was granted on May 6, 1994. Plaintiffs now appeal to this Court.

The key issue on appeal is whether this Court's recent decision in *Chen v. Philadelphia Electric Co.,* 661 A.2d 25 (Pa.Cmwlth. 1995), *petition for allowance of appeal granted,* —— Pa. ——, 670 A.2d 143 (No. 75 E.D.App.Dkt.1995, November 9, 1995), is controlling in this matter. In *Chen,* the plaintiff was injured in a construction accident and filed a complaint in the Court of Common Pleas of Philadelphia County, naming numerous defendants. One of the named defendants issued a summons to join the Department of Transportation as an additional defendant. The Department filed preliminary objections on the ground of improper venue. The trial court granted the preliminary objections and transferred the entire case to Delaware County.

On appeal, this Court considered whether the statutory venue provision governing actions against the Commonwealth applies to situations where the Commonwealth is joined as an additional defendant or whether it applies only to those cases in which the Commonwealth is sued originally. The statutory venue provision in question was Section 8523 of the Judicial Code, 42 Pa.C.S. § 8523, which pertinently provides:

Actions for claims against a Commonwealth party may be brought in and only in a county in which the principal or local office of the Commonwealth party is located or in which the cause of action arose or where a transaction or occurrence took place out of which the cause of action arose.

The Court noted that the statute speaks only to where actions against a Commonwealth party "may be brought" and makes no reference to the Commonwealth as an additional defendant. The Court stated that absent an express provision, the Court should consider other factors in interpreting the statute.

The Court considered the effect of transferring the case based solely on the presence of the Department as an additional defendant.

Although the plaintiff here never brought an action against DOT, now, as a matter of law, DOT controls where the entire action shall be conducted. This result occurs without regard for any rights in the choice of a forum the plaintiff had against the other defendants he sued. As a practical matter, any defendant could obtain a change of venue by the simple act of joining DOT as an additional defendant on a simple and perhaps insupportable allegation of negligence by DOT. We cannot conclude that the legislature intended such a result.

*Id.* at 28 (footnote omitted). The Court also noted that it is a settled principle that the plaintiff's choice of forum is entitled to great weight and any interpretation of Section 8523 which makes it applicable to third-party actions so that matters are transferred without regard to the plaintiff's choice of forum would be in disregard of that principle. *Id.* The Court then held that the provisions of Section 8523 of the Judicial Code, do not apply to third-party proceedings in which the Commonwealth is joined as a defendant by the original defendants against which an action was brought. *Id.*

Because the City of Allentown is a local agency, not a Commonwealth agency as in *Chen,* a different statutory venue provision governs. That statutory provision is found in Section 333 of the JARA Continuation Act of 1980.[1] Section 333 provides, in pertinent part:

Actions ... for claims against a local agency may be brought in and only in a county in which the local agency is located or in which the cause of action arose or where a transaction or occurrence took place out of which the cause of action arose.

The language of Section 333 is substantially similar to the language of Section 8523. As in Section 8523, Section 333 refers only to where actions against a local agency may be brought and does not mention a local agency as an additional defendant. Additionally, the policy concerns identified by the Court in *Chen* are also present in the case *sub judice.* Here, Plaintiffs did not bring an action against the City of Allentown and that defendant was brought into the case through the motion of the Original Defendants. Also, Plaintiffs chose to bring their action in Philadelphia County and their choice of forum would be negated by the action of the Original Defendants.

The City of Allentown cites *Bumberger by Hems v. Duff,* 160 Pa.Cmwlth. 354, 634 A.2d 1162 (1993), in support of its argument that venue properly lies in Lehigh County. After a careful review of the facts and the procedural posture of the case, we conclude that *Bumberger* is not controlling. In *Bumberger,* a minor was struck by a truck as he was riding his bicycle in Bristol Township, Bucks County. The minor's grandmother filed a complaint in the Court of Common Pleas of Bucks against the driver of the vehicle and his employer. Bristol Township was joined as an additional defendant in this action. The minor's mother filed a complaint in the Court of Common Pleas of Philadelphia against the driver and his employer. The driver and his employer filed a third-party complaint naming Bristol Township as a defendant. Bristol Township filed preliminary objections alleging that it could only be sued in Bucks County. The Court of Common Pleas of Philadelphia County granted the preliminary objections, severed the third-party complaint against Bristol Township from the Philadelphia action and transferred it to the Court of Common Pleas of Bucks Coun-

---

1. Act of October 5, 1980, P.L. 693, 42 P.S. § 20043.

ty. The driver and his employer filed a motion, pursuant to Pa.R.C.P. No 213.1, to coordinate the two actions. The motion was granted and the cases were coordinated in the Court of Common Pleas of Bucks County.

The issue on appeal in *Bumberger* was whether the two actions were properly coordinated. After concluding that coordination was appropriate, the Court then determined that the Court of Common Pleas of Bucks County did not abuse its discretion in deciding to coordinate the actions in Bucks County. The issue in the case before us is whether the venue can properly be transferred solely because of the presence of a local agency as an additional defendant. Thus, the issues presented in these two case are different.

Further, in *Bumberger*, two complaints were filed. In coordinating the actions, the court determined which of the two common pleas courts was the most appropriate forum. The plaintiff was not deprived of her original choice of venue by the coordination of the actions in the Court of Common Pleas of Bucks County. In the case before us, however, Plaintiffs filed a complaint in the Court of Common Pleas of Philadelphia County. Transferring the case to the Court of Common Pleas of Lehigh County would serve to deprive Plaintiffs of their choice of venue.

Because the facts of the case *sub judice* mirror the facts in *Chen* and the issues presented are substantially the same, we conclude that *Chen* is controlling. Based on the reasoning of that case, we conclude that the Court of Common Pleas of Philadelphia County erred in transferring venue to the Court of Common Pleas of Lehigh County. Accordingly, we reverse.

### ORDER

AND NOW, this 12th day of March, 1996, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is hereby reversed.

KELLEY, J., dissents.