615 A.2d 924

Lawrence SIMONS, Appellant,

v.

STATE CORRECTION INSTITUTE AT CAMP HILL and Pennsylvania Institutional Health Services, Inc. and John C. Lesniewski, D.O. and John Stephen Snoke, D.O. and Carl A. Hoffman, Jr., D.O. and State Correction Institute at Frackville and Prison Health Services, Inc., and John Joseph Karlavage, M.D. and Robert Peter Heurmann, M.D. and City of Philadelphia, Appellees.

Commonwealth Court of Pennsylvania.

Argued June 19, 1992.

Decided Sept. 1, 1992.

Paul C. Quinn, for appellant.

Marc Antony Arrigo, Senior Deputy Atty. Gen., for appellee, State Correctional Institute at Camp Hill.

Andrew S. Ross for appellees, Pennsylvania Institutional Health Services, Inc., John C. Lesniewski, D.O. and Carl A. Hoffman, Jr., D.O.

Before DOYLE, and SMITH, JJ., and LEDERER, Senior Judge.

SMITH, Judge.

Lawrence Simons (Simons) appeals from the November 5, 1991 order of the Court of Common Pleas of Philadelphia County which sustained the preliminary objections of the State Correction Institute at Camp Hill (SCI–Camp Hill) raising a question of venue and transferred this action to the Court of Common Pleas of Cumberland County. The issue to be decided by this Court is whether venue was proper in Philadelphia County pursuant to Section 333 of the JARA Continuation Act of 1980 (JARA Continuation Act), Act of October 5, 1980, P.L. 693, 42 P.S. § 20043, or in Cumberland County pursuant to 42 Pa.C.S. § 8523.

Simons was incarcerated at prisons operated by the City of Philadelphia from May 1989 to January 1990; at SCI–Camp Hill from January 1990 to April 1990; and at the State Correction Institute at Frackville (SCI–Frackville) from April 1990 to June 1990. On June 24, 1991, Simons filed a civil action in the Court of Common Pleas of Philadelphia County against the City, SCI–Camp Hill, SCI–Frackville and various health care providers and physicians who provided medical care while he was incarcerated at SCI–Camp Hill and SCI–Frackville. Simons alleged that he received inadequate medical care in the diagnosis and treatment of Hodgkin's disease while he was incarcerated. In Count I of his complaint, Simons sets forth medical malpractice claims against all defendants except the City and in Count II, a separate claim against the City under 42 U.S.C. § 1983 alleging that the City violated his constitutional rights by its deliberate indifference to his medical needs.

██ ˙The City filed a petition for removal of the action to the United States District Court for the Eastern District of Pennsylvania which remanded the action back to the trial court upon Simons' motion for remand. Before the remand, Simons voluntarily dismissed his claims against SCI–Frackville, one health care provider and two physicians. SCI–Camp Hill, a Commonwealth party, thereafter filed preliminary objections contending that venue was proper only in Cumberland County under 42 Pa.C.S. § 8523(a) because both its principal and local offices are located in Camp Hill, Cumberland County, and because the alleged incidents out of which the cause of action arose against SCI–Camp Hill occurred in Cumberland County. The trial court sustained SCI–Camp Hill's preliminary objections and transferred this action to the Court of Common Pleas of Cumberland County.[1]

██ The Pennsylvania Supreme Court promulgated rules governing venue pursuant to its exclusive dominion to establish rules of procedures under Article V, § 10(c) of the Pennsylvania Constitution. *Township of Whitpain v. Goldenberg*, 131 Pa.Commonwealth Ct. 144, 569 A.2d 1002, *appeal denied sub nom. Goldenberg v. Chrysler Motor Corp.*, 525 Pa. 660, 582 A.2d 326 (1990). Pa.R.C.P. No. 1006(b) provides that "[a]ctions against the following defendants, except as otherwise provided in Subsection (c), may be brought in and only in the counties designated by the following rules: political subdivisions, Rule 2103...." Pa.R.C.P. No. 2103(b) provides:

> (b) Except when the Commonwealth is the plaintiff or *when otherwise provided by an Act of Assembly*, an action against a political subdivision may be brought only in the county in which the political subdivision is located. (Emphasis added.)

The legislature extended Rule 2103(b) by enacting Section 333 of the JARA Continuation Act which added two more possible

---

1. Pursuant to Pa.R.A.P. 311(c), an appeal may be taken as of right from an interlocutory order changing venue. *Bogetti v. Pennsylvania Department of Transportation*, 144 Pa.Commonwealth Ct. 180, 601 A.2d 421 (1991).

locations for venue in an action against a local agency as follows:

Actions ... for claims against a local agency may be brought in and only in a county in which the local agency is located or in which the cause of action arose or where a transaction or occurrence took place out of which the cause of action arose.

Simons contends that pursuant to Rule 2103(b) and Section 333 of the JARA Continuation Act, venue was proper only in Philadelphia County because the City is located in Philadelphia County.[2] In *Goldenberg*, this Court held that in an action against a local agency, venue is determined exclusively by Section 333, whether the local agency is a sole defendant or one of multiple defendants.[3] Therefore, if the Commonwealth party were not a defendant in this case, Section 333 would control and venue would properly lie exclusively in Philadelphia County, the location of a local agency under the *Goldenberg* holding. However, the *Goldenberg* court did not consider the possible conflict between Section 333 and 42 Pa.C.S. § 8523(a), the equivalent of Section 333 of the JARA Continuation Act, which provides in pertinent part:

§ 8523. Venue and process

(a) **Venue.**—Actions for claims against a Commonwealth party may be brought *in and only in* a county in which the principal or local office of the Commonwealth party is located or in which the cause of action arose or where a transaction or occurrence took place out of which the cause of action arose. (Emphasis added.)

**2.** Simons does not argue that venue was proper in Philadelphia County under Section 333 because the alleged instance occurred in Philadelphia County out of which the cause of action arose.

**3.** In *Goldenberg*, the issue was whether in an action against the local agency and private parties, venue must be determined by Rule 2103(b), Section 333 or Rule 1006(c) which provides:

(c) An action to enforce a joint or joint and several liability against two or more defendants, except actions in which the Commonwealth is a party defendant, may be brought against all defendants in any county in which the venue may be laid against any one of the defendants under the general rules of Subdivisions (a) or (b).

Although Section 8523(a) does not define "principal office" or "local office," the Attorney General, pursuant to its authority under Section 3(b) of the Act of September 28, 1978, P.L. 788, 42 Pa.C.S. § 931 Historical Note, has promulgated regulations designating the principal and local offices of Commonwealth agencies.

SCI–Camp Hill is a part of the Department of Corrections and under 37 Pa.Code §§ 111.1(b), 111.4(b), the principal office of the Department of Corrections is located in Camp Hill, Cumberland County. A local office of the Commonwealth party is defined in 37 Pa.Code § 111.4(c) as "the local office located in that county where the cause of action arose or where a transaction or occurrence took place out of which the cause of action arose." Because the alleged negligence out of which the cause of action arose against SCI–Camp Hill occurred in Cumberland County, the local office of the Department of Corrections is also in Cumberland County under 37 Pa.Code § 111.4(c).[4] Thus, if Section 8523(a) prevails over Section 333, venue lies only in Cumberland County.

While recognizing that a conflict exists when Section 333 and Section 8523(a) are applied to this action, Simons relies upon *Ward v. Truscello*, 137 Pa.Commonwealth Ct. 349, 586 A.2d 478, *appeal granted*, 528 Pa. 616, 596 A.2d 161 (1991), and *Jones v. Southeastern Pennsylvania Transportation Authority*, 115 Pa.Commonwealth Ct. 37, 539 A.2d 515 (1988), to support his contention that where both a Commonwealth agency and a local agency are defendants in an action, venue lies in the county where the local agency is located. Review of those cases demonstrates that this Court did not address the issue of the conflict between Section 333 and Section 8523(a). In both cases, venue would have been proper in Bucks and

4. This Court finds without merit Simons' contention that venue lies in Philadelphia County under Section 8523(a) because the transaction or occurrence out of which his cause of action arose against SCI–Camp Hill took place in Philadelphia County. SCI–Camp Hill cannot be held liable for the negligent medical care he received while he was incarcerated in City prisons. The City is also immune from an action for its medical malpractice under 42 Pa.C.S. § 8542. *See Gallagher v. City of Philadelphia*, 142 Pa.Commonwealth Ct. 487, 597 A.2d 747 (1991).

Montgomery Counties respectively under Section 333 and Section 8523(a).

Pennsylvania appellate courts have not resolved whether Section 333 or Section 8523(a) should control in determining proper venue when both a Commonwealth party and a local agency are defendants. However, in *United States Cold Storage Corp. v. Philadelphia*, 427 Pa. 624, 235 A.2d 422 (1967), the Pennsylvania Supreme Court addressed the issue of the conflict between venue provisions of Pa.R.C.P. Nos. 1503(c) and 2103(b). There, the plaintiffs brought an equity action in Philadelphia County against the City of Philadelphia, the General State Authority and private parties to restrain the construction of a cold storage warehouse. The Authority, an instrumentality of the Commonwealth, contended that venue was proper only in Dauphin County pursuant to Rule 1503(c) which provides in pertinent part that "[a]n action against an ... instrumentality of the Commonwealth may be brought in and only in Dauphin County." Rule 1503(c) as applied in that case was in direct conflict with Rule 2103(b) which provides that the action against a local agency may be brought in and only in the county where the local agency is located. The Court resolved the conflict in favor of the protection of the Commonwealth by holding that "as an instrumentality of the Commonwealth, under Rule 1503(c), the Authority cannot be sued other than in Dauphin County." *Id.* at 627, 235 A.2d at 424. In so holding, the Court reaffirmed its earlier decision in *Merner v. Department of Highways*, 375 Pa. 609, 101 A.2d 759 (1954), which held that venue against Commonwealth parties lay exclusively in Dauphin County under Rule 1503(c).

■ In the matter sub judice, this Court likewise resolves the conflict between Section 333 and Section 8523(a) by holding that Section 8523(a) prevails over Section 333 where a conflict exists between those sections as applied to the facts of the case and that in such a situation, the Commonwealth party therefore may be sued only in counties as provided in Section 8523(a). Where there is a conflict between the protection provided to Commonwealth parties and that provided to local

agencies from being sued in inconvenient forums, the conflict should resolve in favor of Commonwealth parties.

■ Finally, Simons contends that to require the City to defend this action in Cumberland County would be overly burdensome and that the Commonwealth, on the other hand, is well situated to defend this action in Philadelphia County. The City, however, did not object to SCI–Camp Hill's request for the transfer of venue to Cumberland County, and the Department of Corrections does not maintain an office in Philadelphia County. Moreover, Section 8523(a) was not intended to offer a forum in all sixty-seven counties of the Commonwealth to suits against Commonwealth parties, irrespective of where the cause of action arose. *Bogetti v. Pennsylvania Department of Transportation,* 144 Pa.Commonwealth Ct. 180, 601 A.2d 421 (1991). Accordingly, the order of the trial court transferring venue from Philadelphia County to Cumberland County is affirmed.

## ORDER

AND NOW, this 1st day of September, 1992, the order of the Court of Common Pleas of Philadelphia County dated November 5, 1991 is affirmed.