701 A.2d 1348

**Galina and Richard RIBNICKY, Appellees,**

v.

**Richard YEREX and U.S. Fleet Leasing, Inc., MCI Telecommunications and City Of Allentown.**

**Appeal of CITY OF ALLENTOWN.**

**Appeal of Richard YEREX, U.S. Fleet Leasing, Inc. and MCI Telecommunications Corporation.**

Supreme Court of Pennsylvania.

Argued April 28, 1997.

Decided Oct. 24, 1997.

556

Patricia A. Siemiontkowski, for City of Allentown.

Richard J. Hunigman, Philadelphia, for Galina and Richard Ribnicky.

Maureen A. Jordan, Allentown, for Richard Yerex, et al.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO and NEWMAN, JJ.

## OPINION

NEWMAN, Justice.

This is an appeal of a Commonwealth Court Order, reversing the grant of the petition of a local agency, joined as an additional defendant in a personal injury action, for a change of venue pursuant to the political subdivision venue rules. For the following reasons, we reverse.

## BACKGROUND

Galina Ribnicky was injured in a collision with another vehicle driven by Richard Yerex (Yerex) on January 16, 1992. Yerex was allegedly driving the wrong way on a one-way street. The accident occurred in Allentown, Pennsylvania. Galina and her husband, Richard, (the Ribnickys, collectively) filed suit in the Court of Common Pleas of Philadelphia County (trial court) against Yerex, MCI Telecommunications Corporation, which was Yerex's employer, and U.S. Fleet Leasing, Inc., which owned the truck Yerex was driving (the Original Defendants, collectively).

In January of 1994, the Original Defendants filed a writ of summons to join the City of Allentown (Allentown) as an additional defendant.[1] The Original Defendants then filed a motion to transfer venue from Philadelphia County to Lehigh County, relying on the doctrine of forum non conveniens. On March 11, 1994, the trial court denied the Original Defendants' petition to transfer venue, rejecting their forum non conveniens argument.[2] In the meantime, Allentown filed a petition to transfer the case to Lehigh County, pursuant to Section 333 of the JARA Continuation Act of 1980(JCA), Act of October 5,

---

1. On June 23, 1994, the Original Defendants served Allentown with a Complaint Joining Additional Defendant, alleging that Allentown is solely liable to the Ribnickys or liable to the Original Defendants for indemnification and/or contribution.

2. The Original Defendants' forum non conveniens argument is not before this Court.

1980, P.L. 693, *as amended,* 42 P.S. § 20043, which provides in part:

> Actions ... for claims against a local agency may be brought in and only in a county in which the local agency is located or in which the cause of action arose or where a transaction or occurrence took place out of which the cause of action arose.

42 P.S. § 20043.

The trial court granted Allentown's motion to transfer venue pursuant to Section 333 because Allentown is located in Lehigh County, and the accident occurred there. On appeal, a Commonwealth Court panel reversed the trial court.[3] Analogizing to *Chen v. Philadelphia Electric Co.,* 661 A.2d 25 (Pa.Cmwlth.1995), *appeal dismissed,* 545 Pa. 231, 680 A.2d 1156 (1996)(interpreting Commonwealth agency venue provisions), the court reasoned that Section 333 applies only when the local agency is an original defendant, not when it is joined as an additional defendant. The Honorable James R. Kelley dissented without opinion.

Both Allentown and the Original Defendants filed Petitions for Allowance of Appeal. We granted allowance of appeal in both petitions to determine whether the Commonwealth Court improperly limited application of the political subdivision venue provisions to cases where the local agency is an original defendant.

## DISCUSSION

Regarding the venue of actions against political subdivisions, Pennsylvania Rule of Civil Procedure 2103, provides in part:

> Except when the Commonwealth is the plaintiff or when otherwise provided by an Act of Assembly, an action against

---

3. The Ribnickys originally appealed to the Superior Court, which transferred the case *sua sponte* to the Commonwealth Court. The Honorable Donald E. Wieand dissented from the transfer of the appeal to the Commonwealth Court and, on the merits, opined that the trial court properly transferred venue to Lehigh County.

a political subdivision may be brought only in the county in which the political subdivision is located.

Pa.R.C.P. 2103(b). In Section 333 of the JCA, the legislature expanded the locations in which a party may bring an action against a political subdivision to include the location where the cause of action arose and where the transaction or occurrence took place out of which the cause of action arose, in addition to the county in which the political subdivision is located. *Ward v. Lower Southampton Township*, 531 Pa. 532, 614 A.2d 235 (1992). Section 333 and Rule 2103(b) apply whether the political subdivision is the only, or one of several, original defendants. *Id.; Township of Whitpain v. Goldenberg*, 131 Pa.Cmwlth. 144, 569 A.2d 1002, *allocatur denied, Goldenberg v. Chrysler Motor, Corp.*, 525 Pa. 660, 582 A.2d 326 (1990).

■ The question now arises whether the joinder of a political subdivision as an additional defendant affects the application of Section 333 of the JCA. The Commonwealth Court held that Section 333 does not apply under these circumstances. Specifically, the court held that although Section 333 differs from Section 8523 of the Judicial Code, 42 Pa.C.S. § 8523, which was at issue in *Chen*, the language of both statutes is substantially similar; therefore the reasoning of *Chen* controls. In that case, a personal injury plaintiff filed suit against several defendants in the Philadelphia County Court of Common Pleas. One of the named defendants issued a summons to join the Department of Transportation (the Department) as an additional defendant. The Department subsequently filed preliminary objections, alleging improper venue. Pursuant to Section 8523, the Department argued that venue would lie only in Dauphin County, where the Department's principal office is located, or in Delaware County, where the Department maintains a local office. Section 8523 provides in part:

Actions for claims brought against a Commonwealth party may be brought in and only in a county in which the principal or local office of the Commonwealth party is located or in which the cause of action arose or where a

transaction or occurrence took place out of which the cause of action arose.

42 Pa.C.S. § 8523(a). The Commonwealth Court ruled, however, that Section 8523 is inapplicable where the Commonwealth party is joined as an additional defendant. According to the court, the statute specifically refers only to where "actions may be brought" and, therefore, is limited to cases in which the plaintiff sues the Commonwealth party originally. Moreover, the court reasoned that a transfer of venue under these circumstances disregards the plaintiff's choice of forum, which is entitled to considerable weight. Applying *Chen* to the case *sub judice,* the Commonwealth Court held that Section 333 is not applicable to third-party proceedings in which the original defendants join the local agency as an additional defendant.

We disagree with the Commonwealth Court's decision in both this case and *Chen.* A plain reading of Section 333 and Section 8523 does not distinguish between actions brought by a plaintiff against a defendant or a defendant against a third party. Because neither statute specifically defines the term "action," the rules of statutory construction require us to ascribe to the term its ordinary meaning. 1 Pa.C.S. § 1903(a). The term "action" as defined in the Pennsylvania Rules of Civil Procedure is "any civil action or proceeding at law or in equity brought in or appealed to any court of record which is subject to these rules." Pa.R.C.P. 2251. The dictionary definition of "action" is "a suit brought in a court; a formal complaint within the jurisdiction of a court of law." *Black's Law Dictionary* 26 (5th ed.1979). In Pennsylvania, filing a praecipe for a writ of summons or a complaint may commence an action. Pa.R.C.P. 1007; *see also Human Development of Erie, Inc. v. Zoning Hearing Board of Millcreek Township,* 143 Pa.Cmwlth. 675, 600 A.2d 658 (1991).

Here, the Original Defendants filed a writ of summons against Allentown, joining the city as an additional defendant pursuant to Pa.R.C.P. 2252. Under the rules, the procedure, including pleadings, between the Original Defendants and Allentown "shall be the same as though the party joining the

additional defendant were a plaintiff and the additional defendant were a defendant." Pa.R.C.P. 2255(a). Thus, the Original Defendants have effectively filed an "action" against Allentown, alleging that Allentown is solely liable to the Ribnickys or liable to the Original Defendants for indemnity or contribution. As such, despite the fact that the Ribnickys did not originally seek damages from Allentown, they "shall recover from the additional defendant found liable to him alone or jointly with the defendant as though such additional defendant had been joined as a defendant and duly served and the initial pleading of the plaintiff had averred such liability." Pa.R.C.P. 2255(d). Accordingly, an action has been brought against a local agency, thus, triggering the venue provisions of Section 333. Because Allentown is located in Lehigh County and the cause of action arose in Allentown, Section 333 mandates the transfer of venue to Lehigh County.

▇▇▇ The same analysis applies to the joinder of a Commonwealth agency as an additional defendant pursuant to Section 8523 of the Judicial Code. Both Section 333 and Section 8523 turn on where actions against a governmental entity "may be brought" and do not differentiate between actions by plaintiffs and actions by defendants.[4] Consequently, we hereby overrule *Chen.*

The Ribnickys argue that this result disturbs the plaintiff's choice of forum, a decision entitled to considerable weight in this Commonwealth. *See Plum v. Tampax, Inc.,* 399 Pa. 553, 160 A.2d 549 (1960)(involving a forum non conveniens analysis). However, in ascertaining the intention of the General Assembly in the enactment of a statute, we must presume that the legislature intended to favor the public interest over any private interest. 1 Pa.C.S. § 1922(2)(5); *Pennsylvania Financial Responsibility Assigned Claims Plan v. English,* 541 Pa. 424, 664 A.2d 84 (1995). In contravention of this rule of statutory construction, the Commonwealth Court here, and in *Chen,* has elevated the private plaintiff's choice of forum above

---

**4.** With respect to Commonwealth parties, *see also* Pa. R.C.P. 1006(c), which provides that proper venue for a Commonwealth party controls where venue rules conflict due to multiple defendants.

the public interest embodied in Section 333 and 42 Pa.C.S. § 8523 of protecting governmental entities from suit in inconvenient fora. *See Simons v. State Correction Institute,* 150 Pa.Cmwlth. 295, 615 A.2d 924 (1992).

Therefore, we reverse the Order of the Commonwealth Court and remand this matter for further proceedings consistent with this Opinion.

NIGRO, J., files a concurring opinion.

CAPPY, J., files a dissenting opinion.

NIGRO, Justice, concurring.

I concur in the majority opinion, however, I write separately in order to address the concerns raised in the dissenting opinion. I disagree with Mr. Justice Cappy that joining an additional defendant does not constitute an action against that party. As the dissent points out, once an additional defendant is joined "... [t]he action becomes a combination of a suit of the plaintiff against the original defendant, a suit of the original defendant against the additional defendant, and a suit of the plaintiff against the additional defendant." Goodrich–Amram 2d § 2252:1.

In other words, once joined the additional defendant's involvement in the action is as if it was an original defendant. For instance, an additional defendant is as vulnerable to a finding of liability as an original defendant. To conclude that a party is not in an "action" merely because it is an additional defendant ignores the practical reality of the lawsuit. The legislature enacted section 333 of the JCA in order to allow a municipality to defend itself in its home jurisdiction and the courts have recognized the importance of this principle. To follow the logic of the dissent, the municipality would be placed in a different position in defending itself as a third party defendant than as an original defendant even though the dissent agrees the same liability attaches to the municipality in either instance. This frustrates the purpose of the statute and leads to an absurd result.

In addition, contrary to the dissent, I do not find the majority's position erodes this Court's deference to plaintiff's choice of forum. Rather, it recognizes the competing interests of the plaintiff's choice of forum and the statutory requirement of where a municipality may be sued. Although the majority resolves this conflict in favor of the municipality, nevertheless, an original defendant will not be able to manipulate plaintiff's choice of forum merely by joining a municipality. If joinder of the municipality is not meritorious then the municipality will be removed from the action. Once the municipality is no longer a party to the action, plaintiff may properly file a petition to transfer venue back to the original jurisdiction by way of Pa.R.C.P. 1006(d)(1).

CAPPY, Justice, dissenting.

I must respectfully dissent from the majority's decision.

The question accepted by this court for review is whether section 333 of the JARA Continuation Act of 1980(JCA), Act of October 5, 1980, P.L. 693, *as amended,* 42 P.S. § 20043,[1] the statutory venue provision governing actions for claims brought against local agencies, applies to the situation where a local agency is joined as an additional defendant or applies only to the situation where the local agency is an original defendant in the action. The majority holds that section 333 of the JCA applies in both instances. I disagree and would find that section 333 of the JCA applies only in the instance where the local agency is an original defendant in the action.

The analysis used by the majority shows a misapprehension of joinder procedure under the Pennsylvania Rules of Civil Procedure (Pa.R.C.P.) which leads the majority to erroneously conclude that section 333 of the JCA is applicable to an "action" to join a local agency as an additional defendant. I disagree with the majority's determination that the joinder

1.  Section 333 of the JCA provides in pertinent part:
    Actions ... for claims against a local agency may be brought in and only in a county in which the local agency is located or in which the cause of action arose or where a transaction or occurrence took place out of which the cause of action arose.
    42 Pa.C.S. § 20043.

proceeding was an "action" within the purview of section 333 of the JCA. I therefore cannot join the majority's conclusion that *Chen v. Philadelphia Electric Co.*, 661 A.2d 25 (Pa. Cmwlth.1995), *appeal dismissed*, 545 Pa. 231, 680 A.2d 1156 (1996), was wrongly decided and should not have been followed by the Commonwealth Court in the instant appeal. To the contrary, I find the reasoning in *Chen* not only valid but also clearly applicable to the question before us and would affirm the Commonwealth Court's decision in the present matter on the basis of *Chen*.

The instant litigation arose in January of 1992, after Appellee Galina Ribnicky was involved in an automobile collision with Appellant Richard Yerex (Yerex), who allegedly was driving the wrong way on a one-way street in the City of Allentown, Lehigh County. Appellee Galina Ribnicky and her husband Appellee Richard Ribnicky (collectively, Appellees) commenced a negligence action in 1993 against Yerex, MCI Telecommunications Corporation, which was Yerex's employer, and U.S. Fleet Leasing, Inc., which owned the truck Yerex was driving (collectively Appellants/Original Defendants). Appellees brought the action in the Court of Common Pleas of Philadelphia County, which is undisputedly an appropriate forum, rather than in Lehigh County, which also would have been an appropriate forum. *See* Pa.R.C.P. 1006; 2179. Importantly, Appellees chose not to sue Appellant City of Allentown (Allentown) in their action.

Appellants/Original Defendants unsuccessfully sought a transfer of venue to Lehigh County for the convenience of the parties and the witnesses. Appellants/Original Defendants also commenced joinder proceedings, by means of a writ of summons, to join Allentown as an additional defendant in Appellees' action. After being joined as an additional defendant in the action, Allentown succeeded on its petition to transfer venue to Lehigh County pursuant to section 333 of the JCA in May of 1994. On appeal, the Commonwealth Court turned to its prior decision in *Chen* for guidance in interpreting section 333 of the JCA, since *Chen* had involved a similar statutory venue issue.

In *Chen*, Benedict Chen was injured in a construction accident in Delaware County and subsequently died. Mr. Chen's successor-in-interest filed a civil complaint in the Philadelphia County Common Pleas Court against a number of defendants. The plaintiff in *Chen* chose not to sue the Commonwealth Department of Transportation (PennDOT). As in the present case, there was no dispute in *Chen* that venue in Philadelphia County was proper. One of the original defendants in *Chen*, however, joined PennDOT as an additional defendant by means of a writ of summons. PennDOT filed preliminary objections on the ground of improper venue. The Philadelphia County Court of Common Pleas granted Penn-DOT's preliminary objections and ordered the matter transferred to Delaware County on the basis of section 8523 of the Judicial Code, 42 Pa.C.S. § 8523.[2]

On appeal, the Commonwealth Court in *Chen* examined the question of whether section 8523 of the Judicial Code applies to the situation in which the Commonwealth is joined as an additional defendant or applies only in the situation where the Commonwealth is originally sued by the plaintiffs. Applying section 1921(c)(6) of the Statutory Construction Act, 1 Pa.C.S. § 1921(c)(6), the *Chen* court reasoned that if section 8523 applied in the situation where the Commonwealth is made an additional defendant to the plaintiff's action, the joinder of the Commonwealth as an additional defendant would deprive the plaintiff of venue in the forum he or she originally selected.

The Commonwealth Court in *Chen* stated:

Although the plaintiff here never brought an action against [the Commonwealth], now, as a matter of law, [the Commonwealth] controls where the entire action shall be conducted. This result occurs without regard for any rights in the choice of a forum the plaintiff had against the other

---

**2.** Section 8523 of the Judicial Code provides in part:

Actions for claims brought against a Commonwealth party may be brought in and only in a county in which the principal or local office of the Commonwealth party is located or in which the cause of action arose or where a transaction or occurrence took place out of which the cause of action arose.

42 Pa.C.S. § 8523(a).

defendants he sued. As a practical matter, any defendant could obtain a change of venue by the simple act of joining [the Commonwealth] as an additional defendant on a simple and perhaps insupportable allegation of negligence by [the Commonwealth]. We cannot conclude that the legislature intended such a result.

*Chen,* 661 A.2d at 28 (footnote omitted).

The Commonwealth Court in *Chen* accordingly ruled that the plain meaning of section 8523 of the Judicial Code is that the venue statute applies only to the situation where the action is commenced by the plaintiffs against the original defendants.

Relying upon *Chen,* the Commonwealth Court in the case *sub judice* held that section 333 of the JCA applies only in the situation where the local agency is originally sued by the plaintiffs and does not apply where the local agency was joined by the original defendants in the action as an additional defendant. The Commonwealth Court accordingly reversed the trial court's grant of Allentown's petition for transfer of venue.

The majority subscribes to an incorrect interpretation of joinder procedure in Pennsylvania in concluding that, by joining Appellant Allentown by means of a writ of summons, Appellants/Original Defendants commenced an "action" against Allentown, thus triggering section 333 of the JCA. It is clear from our rules of civil procedure regarding joinder of additional defendants, *see* Pa.R.C.P. 2251 *et seq.,* that the "action" which is contemplated by our joinder rules is the action which was initially commenced by the plaintiffs. *See* Pa.R.C.P. 2252.[3] The procedure in place in Pennsylvania

---

**3.** Pa.R.C.P. 2252 provides in pertinent part:

(a) ... **any defendant or additional defendant may join as an additional defendant any person, whether or not a party to the action,** who may be

(1) solely liable on the plaintiff's cause of action, or

(2) liable over to the joining party on the plaintiff's cause of action, or

(3) jointly or severally liable with the joining party on the plaintiff's cause of action, or

governing the joinder of additional defendants is a dual object procedure, which has been explained as follows:

The dual object procedure ... permit[s] a direct recovery by the plaintiff against the additional defendant whenever such liability is proven. The original defendant is allowed to bring in an additional defendant upon the ground that the latter is either (1) liable over to the original defendant or (2) directly liable to the plaintiff. The action becomes a combination of a suit of the plaintiff against the original defendant, a suit of the original defendant against the additional defendant, and a suit of the plaintiff against the additional

(4) liable to the joining party on any cause of action arising out of the transaction or occurrence or series of transactions or occurrences upon which the plaintiff's cause of action is based.

(b) **If the person sought to be joined is not a party to the action the joining party may file as of course a praecipe for a writ or a complaint.**

(1) If the joinder is by writ the joining party shall file his complaint within twenty days from the filing of the praecipe for the writ. If the joining party fails to file his complaint within the required time, the plaintiff or the additional defendant joined may seek a rule to file the complaint and an eventual judgment of non pros in the manner provided in Rule 1037(a) for failure to file a complaint.

(2) The complaint, in the manner and form required of the initial pleading of the plaintiff in the action, shall set forth the facts relied upon to establish the liability of the joined party and the relief demanded.

(c) **The writ to join an additional defendant shall be directed to him and shall be substantially in the following form:**

**Commonwealth of Pennsylvania**
**County of _____**
**[Caption]**

To _____:
**NAME OF ADDITIONAL DEFENDANT**
You are notified that _____
**NAME(S) OF DEFENDANT(S)**
has (have) joined you as an additional defendant in this action, which you are required to defend.

Date _____
Seal of Court

_____
**NAME OF PROTHONOTARY (CLERK)**
**By** _____
**DEPUTY**

Pa.R.C.P. 2252 (emphasis added).

defendant. The judgments entered in this three-cornered proceeding finally determine the rights of the parties inter se.

. . .

The practice of joining all such parties in one action reduces costs and saves the time of the litigants and the courts. It reduces the hazard of loss of evidence between actions, the possibility of death, absence, or insolvency of the third person, and the possibility of inconsistent findings by two juries. The Rules, which refer to the "plaintiff's cause of action," are broadly construed, with these purposes in mind.

Goodrich–Amram 2d § 2252:1 (footnotes omitted).

The majority regards the writ of summons procedure, which was used to join Appellant Allentown, as commencing a second, separate action, as opposed to regarding the situation as the joinder of the additional defendant in the action which was commenced by the plaintiffs. It is this conclusion with which I strongly disagree. Ultimately, this incorrect view of what constitutes the "action" in question leads the majority to erroneously conclude that section 333 of the JCA applies to the proceeding for joining additional defendants. Consistent with our rules of civil procedure, I would agree with the *Chen* court and interpret the "action" to which section 333 of the JCA is applicable as the action commenced by the plaintiffs against the original defendants.

Moreover, I disagree with the majority's conclusion that the *Chen* court improperly elevated the plaintiffs' interest in litigating in the forum of their choice. This court has recently reaffirmed the importance of plaintiff's forum choice in a court's consideration of a motion to transfer venue pursuant to Pa.R.C.P. 1006(d)(1). *See Cheeseman v. Lethal Exterminator, Inc., et al.,* 549 Pa. 200, 701 A.2d 156 (1997). As the *Chen* court observed, if the Commonwealth or a local agency is made an additional defendant to an action through joinder proceedings, there is nothing which would preclude the Commonwealth or a local agency from obtaining a transfer of

venue pursuant to Pa.R.C.P. 1006(d)(1) where a transfer is warranted. *See Cheeseman, supra.*

As I would conclude the majority's analysis of the plain meaning of section 333 of the JCA is based on a misapprehension of joinder procedure and disagree with its rejection of *Chen*, I would affirm the decision of the Commonwealth Court, based on *Chen*, that section 333 of the JCA applies only in the instance where the local agency is made an original defendant in the action by the plaintiffs.

Thus, I respectfully dissent.