Craig SMITH, Appellant,

v.

Stephen AGENTIS t/a Mr. Rooter

v.

CITY OF ALLENTOWN.

Commonwealth Court of Pennsylvania.

Argued Dec. 9, 1996.
Decided Jan. 6, 1998.

Stephen Rhoades, Allentown, for appellant.

Joseph A. Holko, Allentown, for appellee, City of Allentown.

Before COLINS, President Judge, DOYLE, J., and LORD, Senior Judge.

DOYLE, Judge.

Craig Smith appeals an order of the Court of Common Pleas of Northampton County granting an additional defendant, the City of Allentown, a change of venue.

On April 3, 1995, Steven Agentis, trading as "Mr. Rooter," was performing sewer maintenance work in the 2400 block of Emmaus Avenue, in the city of Allentown. As part of this maintenance, Agentis removed manhole covers and replaced them when he was finished.

Later that day, Smith drove over one of the manhole covers that Agentis had allegedly replaced improperly. Smith lost control of his car and collided with a curb, causing him personal injuries and property damage. Smith sued Agentis in Northampton County where Agentis conducted business. Agentis then joined, as an additional defendant, the City of Allentown, which is located in Lehigh County.

In response, the City filed preliminary objections, objecting, *inter alia,* to venue in Northampton County and requesting a change of venue to Lehigh County. The Court of Common Pleas sustained the City's objection and transferred the action to Lehigh County. The support for the Court of Common Pleas' decision was Section 333 of the JARA Continuation Act of 1980 (JARA), Act of October 5, 1980, P.L. 142, *as amended,* 42 P.S. § 20043, which provides in part that "[a]ctions ... for claims against a local agency may be brought in and only in a county in which the local agency is located or in which the cause of action arose' or where a transaction or occurrence took place out of which the cause of action arose." 42 P.S § 20043.

In *Ribnicky v. City of Allentown,* 673 A.2d 24 (Pa.Cmwlth.1996), *rev'd,* 549 Pa. 555, 701 A.2d 1348 (1997), we addressed the issue of whether Section 333 of JARA applies when a local agency is not an original party to an action. We concluded that because neither Section 333 of JARA nor Section 8523 of the Judicial Code, 42 Pa.C.S. § 8523, which pertains only to Commonwealth parties, explicitly creates a venue restriction when either a local agency or the Commonwealth has been joined as an additional defendant, the statutes did not apply in that situation.

In the present case, we filed an opinion on September 10, 1997, in which we relied upon the decision of this Court in *Ribnicky* for authority and reversed the decision of the trial court, concluding that the venue restrictions of Section 333 of JARA do not apply to a case where the local agency is joined as an additional defendant. However, following our decision in the present case, our Supreme Court reversed our decision in *Ribnicky* and concluded that Section 333 of JARA does apply to a local agency when it is joined in an action as an additional defendant. In light of this decision, we granted reconsideration in the present case.

As a result of our Supreme Court's reversal of *Ribnicky,* we must now conclude that the trial court properly granted the change of venue, and we, therefore, affirm the decision of the Court of Common Pleas of Northampton County.

Order affirmed.

## ORDER

NOW, January 6, 1998, upon consideration of our Supreme Court's decision in *Ribnicky v. Yerex*, 549 Pa. 555, 701 A.2d 1348 (1997), the order of the Court of Common Pleas of Northampton County in the above-captioned matter is hereby affirmed.