Marian CUMMINGS and William
Cummings, h/w

v.

Lance ELINSKY and Waste Manage-
ment of Pennsylvania, Inc., d/b/a
Waste Automation Corp.

v.

Newtown Township.

**Appeal of Newtown Township.**

Commonwealth Court of Pennsylvania.

Submitted June 13, 2002.

Decided July 23, 2002.

Before LEADBETTER, Judge,
LEAVITT, Judge, and DOYLE, Senior
Judge.

OPINION BY Judge LEAVITT.

Newtown Township (Township) appeals
an interlocutory order of the Court of
Common Pleas of Philadelphia County de-
nying its preliminary objection to venue.
The Township asserts that venue over a
negligence claim asserted against it be-
longs in the Court of Common Pleas of
Bucks County, where the Township is lo-
cated. We agree.

On October 20, 2001, Marian Cummings
and William Cummings (Plaintiffs), began
this action by filing a complaint in the
Court of Common Pleas of Philadelphia
County (Philadelphia County or trial court)
against defendants, Lance Elinsky and
Waste Management of Pennsylvania, Inc.
(Original Defendants). Plaintiffs' claim
arose from a motor vehicle accident that
occurred in Bucks County on Wrights
Road near its intersection with Eagle
Road in the Township. On January 16,
2001, Original Defendants filed a praecipe
to issue a writ of summons to join the
Township as an additional defendant. On
September 6, 2001, Original Defendants
filed their joinder complaint against the
Township.

On September 20, 2001, the Township
filed preliminary objections to the joinder
complaint asserting, *inter alia*, that venue
is improper in Philadelphia County as

against the Township. Plaintiffs did not respond to the preliminary objections, and Original Defendants specifically stated in their response that they did not oppose the transfer of the matter to the Court of Common Pleas of Bucks County. By order entered November 27, 2001, the trial court denied the Township's preliminary objections without opinion.

On November 30, 2001, the Township filed a motion for reconsideration, or in the alternative, certification for interlocutory appeal on the issue of improper venue. Again, Plaintiffs did not file a response, and Original Defendants again responded by stating that they did not oppose the matter being transferred to the Court of Common Pleas Bucks County. By failing to act within 30 days, the trial court effectively denied the motion for certification as of December 30, 2001. However, on January 22, 2002, the trial court entered an order denying the Township's motion.

■ Thereafter, the Township filed a "petition for review" pursuant to Pa. R.A.P. 1311[1] requesting an interlocutory appeal of the trial court's decision on venue. By its petition, the Township sought to appeal the trial court's orders of November 27, 2001 and January 22, 2002. On March 5, 2002, this Court granted the Township permission to appeal the order of November 27, 2001.[2]

The Township is the only party to this appeal. Plaintiffs have not filed anything with this Court, and Original Defendants have filed a Notice of Non–Participation under Pa. R.A.P. 908 to declare that they have no interest in the outcome of the appeal.

■ It is well-settled that a local agency, such as the Township, may only be sued for negligence in its own county court of common pleas. Here, however, Plaintiffs did not institute suit against the Township; rather, it was joined to the action by Original Defendants. Our Supreme Court has held that whether a local agency becomes a defendant by action of plaintiffs or by action of defendants, the result is the same: the county of the local agency determines venue. *Ribnicky v. Yerex*, 549 Pa. 555, 701 A.2d 1348 (1997).

In *Ribnicky*, the Court held that a defendant's writ of summons to join an additional defendant, the City of Allentown, constituted an "action." The Court noted that an "action"[3] is defined in the Pennsylvania Rules of Civil Procedure as "any civil action or proceeding at law or in equity brought in or appealed to any court of record which is subject to these rules." Pa. R.C.P. No. 2251. It further held that where a defendant joins another defendant, it "shall be the same as though the party joining the additional defendant were a plaintiff and the additional defendant were a defendant." *Ribnicky*, 549 at 560–561, 701 A.2d at 1351, quoting Pa. R.C.P. No. 2255(a).[4] Thus, the Court held that the original defendants had effectively filed an "action" against the City of Allentown, which triggered the venue require-

---

1. Pa. R.A.P. 1311(a) provides:

   An appeal may be taken by permission under 42 Pa.C.S. § 702(b) (interlocutory appeals by permission) from any interlocutory order of a lower court or other governmental unit. See Rule 312 (interlocutory appeals by permission).

2. The standard of review for preliminary objections is whether the law under consideration is clear and free from doubt. *Heck v.*

*Penn Lake Park Borough*, 786 A.2d 336, 340 (Pa.Cmwlth.2001).

3. "Action" is "a suit brought in a court; a formal complaint within the jurisdiction of a court of law." *Black's Law Dictionary* 26 (5th ed.1979).

4. It states:

   The procedure, including pleadings, between the party joining an additional defen-

ments of Section 333 of the JARA Continuation Act of 1980, Act of October 5, 1980, P.L. 142, *as amended,* 42 P.S. § 20043.[5]

This case cannot be distinguished from *Ribnicky.* Plaintiffs filed a complaint against Original Defendants, who brought in the Township, a local agency, as an additional defendant through a writ and subsequent complaint.[6] As the writ and joinder complaint constitute the commencement of an "action" under *Ribnicky,* venue is proper in Bucks County. This is where the Township is located and where the motor vehicle accident, which gave rise to the cause of action, occurred.

Accordingly, we reverse the order of the lower court and remand the case with the direction that it be transferred to the Common Pleas Court of Bucks County.

### ORDER

AND NOW, this 23rd day of July, 2002, the order of the Court of Common Pleas of Philadelphia County of November 27, 2001, in the above-captioned matter is hereby reversed. The case is remanded with the direction that it be transferred to the Court of Common Pleas of Bucks County.

---

dant and the additional defendant shall be the same as though the party joining the additional defendant were a plaintiff and the additional defendant were a defendant. Pa. R.C.P No. 2255(a).

5. It states, in relevant part, that
... claims against a local agency may be brought in *and only in* a county in which the *local agency is located* or in which the cause of action arose or where the transaction or *occurrence took place out of which the cause of action arose.*
42 P.S. § 20043 (emphasis added). Here, the accident occurred in Bucks County, the same county where the local agency, *i.e.* the Township, is located. Consistent with the

JARA Continuation Act of 1980, the Pennsylvania Rules of Civil Procedure provide:
(b) Except when the Commonwealth is the plaintiff or when otherwise provided by an Act of Assembly, an action against a political subdivision may be brought only in the county in which the political subdivision is located.
Pa. R.C.P. No. 2103(b).

6. The pertinent rules on joinder of additional defendants provide, "If the person sought to be joined is not a party to the action the joining party may file as of course a praecipe for a writ or a complaint." Pa. R.C.P. No. 2252(b).