# Mayer v. Verizon-Pennsylvania

C.P. of Berks County, no. 04-12755.

*Paul A. Lauricella,* for plaintiff.
*John P. Hartley,* for defendant.

LASH, *J.,* January 12, 2011—Plaintiff, Brent J. Mayer, as administrator of the Estate of Dorothy I. Mayer, deceased, and in his own right (hereinafter "plaintiff"), has filed a petition for review to the Superior Court of Pennsylvania seeking reversal of this court's order executed October 29, 2010 and entered November 2, 2010, denying plaintiff's motion to transfer venue of the above-captioned matter from Berks County to Philadelphia County. This court on December 16, 2010 also denied plaintiff's "motion for reconsideration and transfer of venue Back To Philadelphia county and/or amendment of the court's October 29, 2010 order denying transfer/return to venue to State that a substantial issue of venue is presented."

On or about May 12, 2004, plaintiff filed the within

action in Philadelphia County, seeking damages against defendants Verizon-Pennsylvania (hereinafter "Verizon") and First Energy Corporation/Metropolitan Edison.[1] The complaint alleged that on February 12, 2003, plaintiff's decedent, Dorothy I. Mayer, was operating a motor vehicle north on SR 29 in Hereford Township, Berks County, when her car left the roadway and struck a wooden utility pole placed and controlled by Verizon and located at the side of the road, causing her to suffer fatal injuries. Plaintiff alleges that Verizon improperly designed its pole or placed it improperly, causing a dangerous condition on SR 29.

On or about May 28, 2004, Verizon filed a joinder complaint, naming the Pennsylvania Department of Transportation (hereinafter "PennDOT") and Hereford Township as additional defendants. Verizon alleged, among other things, that if the allegation in plaintiff's complaint were found to be true, then PennDOT or Hereford Township or both of them were responsible for the accident due to improper design of the highway, failure to properly monitor and maintain the roadway, failure to analyze the propriety of the pole's placement, improper approval of the placement of the utility pole, and failure to properly advise Verizon that the pole and guide wire were located in an "accident cluster zone or high accident area." PennDOT subsequently filed preliminary objections to Verizon's joinder complaint challenging the propriety of venue in Philadelphia County, demanding that the action be transferred to either Dauphin County or

---

1. Plaintiff subsequently discontinued its action in Philadelphia County against First Energy Corporation/Metropolitan Edison.

Berks County. PennDOT argued that venue in Philadelphia County was improper based on 42 Pa.C.S.A. § 8523(a), which provides, in pertinent part, that actions for claims against a Commonwealth party may be brought "in and only in a county in which the principal or local office of the Commonwealth party is located or in which the cause of action arose or where a transaction or occurrence took place out of which the cause of action arose...." The court of Philadelphia County sustained PennDOT's objections and transferred the case to Berks County for further proceedings.

PennDOT eventually filed a motion with Berks County court for entry of summary judgment in its favor and against Verizon. This court, by order and opinion dated January 22, 2010, granted PennDOT's motion and dismissed PennDOT from the case. Similarly, Hereford Township moved for summary judgment, which was also granted by this court, by order and opinion dated July 19, 2010.[2]

On or about August 25, 2010, plaintiff filed a motion with this court to transfer the within matter back to its original jurisdiction, Philadelphia County. In its filed documents and argument, plaintiff alleged that the transfer of venue by Philadelphia County to Berks County was necessitated solely due to the presence of PennDOT and Hereford Township as defendants, venue being improper as to those two (2) defendants.[3] Because Berks County

---

2. The bases for this court's entry of the summary judgments are set forth in its opinions, which are incorporated by reference.

3. Venue is proper against Hereford Township in Berks County only, as that is where it is located, Pa.R.C.P. 2103(b), and because that

Court removed PennDOT and Hereford Township from the suit, with prejudice, venue in Philadelphia County is now proper. Further, as plaintiff, he is entitled to choose the forum in which to bring suit, *Zappala v. Brandolini Property Management, Inc.*, 589 Pa. 516, 532, 909 A.2d 1272, 1281 (2006), and that his choice of forum is entitled to weighty consideration and should not be disturbed lightly. See *Walker v. Ohio River Company*, 416 Pa. 149, 152, 205 A.2d 43, 45 (1964).

Plaintiff named neither PennDOT nor Hereford Township as defendants, nor ever intended that they be included in the suit. Accordingly, plaintiff urges the matter be transferred back to Philadelphia County in accordance with plaintiff's choice of forum. After argument held, this court denied plaintiff's motion, by order of October 29, 2010.

As stated, the motion for reconsideration was likewise denied, by order of December 16, 2010.

In making our determination, we initially examined the appropriateness of revisiting the decision of Philadelphia Common Pleas Court to transfer venue to Berks County. Our concern was grounded on the principle of coordinate jurisdiction. As the Pennsylvania Supreme Court states in *Zane v. Friends Hospital*, 575 Pa. 236, 243, 836 A.2d 25, 29 (Pa. 2003):

...Generally, the coordinate jurisdiction rule commands

---

is where the cause of action arose, § 333 of the JARA continuation Act of 1980, Act of October 5, 1980, P.L. 693, as amended, 42 P.S. § 20043 (hereinafter "Section 333").

that upon transfer of a matter between trial judges of coordinate jurisdiction, a transferee trial judge may not alter resolution of a legal question previously decided by a transferor trial judge. *Commonwealth v. Starr*, 541 Pa. 564, 664 A.2d 1326, 1331 (1995); see also *Riccio v. American Republic Insurance Company*, 550 Pa. 254, 705 A.2d 422, 425 (1997). More simply stated, judges of coordinate jurisdiction should not overrule each other's decisions. *Id.*; *Okkerse v. Howe*, 521 Pa. 509, 556 A.2d 827, 831 (1989).

The reason for this respect for an equal tribunal's decision, as explained by our court, is that the coordinate jurisdiction rule is "based on a policy of fostering the finality of pre-trial applications in an effort to maintain judicial economy and efficiency." *Starr*, 664 A.2d at 1331. Furthermore, consistent with the law of the case doctrine, the coordinate jurisdiction rule serves to protect the expectations of the parties, to insure uniformity of decisions, to maintain consistency in proceedings, to effectuate the administration of justice, and to bring finality to the litigation. *Id.*

Plaintiff, citing *Zane*, points out, however, that the coordinate jurisdiction rule may be departed from in exceptional circumstances, where there has been "a change in the controlling law or where there was a substantial change in the facts or evidence." 836 A.2d at 29 (citation omitted). Plaintiff urges that there is a substantial change in the circumstances, namely, the removal of PennDOT and Hereford Township from the case. But for Verizon's joinder, which joinder was without merit, the case would

have been tried in Philadelphia County.

We agree that the exception to coordinate jurisdiction applies. Absent the joinder by Verizon, this matter would have remained in Philadelphia County. Now that PennDOT and Verizon have been removed from the suit, the operative facts determining venue have substantially changed. Our disposition of the motion to transfer venue would therefore not constitute an altering or overruling of the Philadelphia County Court of Common Pleas' previous decision, but would be an independent decision based on current facts and circumstances. Accordingly, we proceeded to make a determination of plaintiff's motion on its merits.

Plaintiff believes transfer is allowable under Pa.R.C.P. 1006(d)(1), which states:

For the convenience of parties and witnesses the court upon petition of any party may transfer an action to the appropriate court of any other county where the action could originally have been brought.

In support, plaintiff cites the concurrence of Justice Nigro in *Ribinicky v. Yerex*,[4] 549 Pa. 555, 563, 701 A.2d 1348, 1352 (Pa. 1997) where he states:

---

4. In *Ribinicky*, plaintiff filed an action in Philadelphia County. Subsequently, original defendants joined the city of Allentown as an additional defendant, resulting in Allentown filing a petition to transfer the case to Lehigh County, pursuant to Section 333. The trial court granted Allentown's motion to transfer venue. However, the Commonwealth Court reversed. In reversing the Commonwealth Court and affirming the trial court, the Supreme Court found that Section 333 applies in cases involving joinder of an additional defendant municipality and mandated the transfer of venue to Lehigh County, determining that the Legislature, in enacting Section 333 intended to favor the public interest over the private interests of a plaintiff in his choice of forum.

I do not find the majority's position erodes this court's deference to plaintiff's choice of forum. Rather, it recognizes the competing interests of the plaintiff's choice of forum and the statutory requirement of where a municipality may be sued. Although the majority resolves this conflict in favor of the municipality, nevertheless, an original defendant will not be able to manipulate plaintiff's choice of forum merely by joining a municipality. If joinder of the municipality is not meritorious, then the municipality will be removed from the action. Once the municipality is no longer a party to the action, plaintiff may properly file a petition to transfer venue back to the original jurisdiction by way of Pa.R.C.P. 1006(d)(1).

In denying plaintiff's petition to transfer venue, this court found that the evidence was insufficient to establish that a transfer of the case back to Philadelphia County would effectuate convenience of the parties or witnesses, as required by 1006(d)(1). As both parties acknowledge, venue is appropriate in Berks County. The fact that venue is now appropriate in Philadelphia County and that Philadelphia County is the plaintiff's choice of forum is not, in and of itself, a basis to transfer venue. 1006(d)(1) requires a finding that the transfer be for the convenience of parties and witnesses. Here, there is nothing in the record to suggest that a transfer to Philadelphia County would be any more convenient for anyone. In fact, the record supports the contrary. As stated by Verizon's counsel in Verizon's memorandum of law in support of its reply to plaintiff's motion to transfer venue:

Certainly nothing in plaintiff's present motion suggests that Philadelphia County is more convenient than Berks County. None of the witnesses in this matter resided in Philadelphia County. The accident did not occur in Philadelphia County. The decedent was a resident of Berks County and so is plaintiff, Brent J. Mayer. The only connection Philadelphia has to this matter is that Verizon does business in Philadelphia.[5]

Plaintiff's counsel has suggested that Verizon's motive in initially joining PennDOT and Hereford Township was forum shopping. Plaintiff points to Justice Nigro's directive that a defendant should not be permitted to manipulate a plaintiff's choice of forum through the mere joinder of a municipality. While we accept that a finding of manipulation of this nature might be a legitimate basis for a transfer under Pa.R.C.P. 1006(d)(1), according to Justice Nigro's concurrence, there is no evidence on this record sufficient to establish such a manipulation. We cannot draw such an inference based merely on Verizon's joinder complaint being meritless, the resulting dismissal of PennDOT and Hereford Township from the suit, the apparent desire of Verizon to maintain the action in Berks County, and the suspicions of plaintiff's counsel. Without tangible evidence, plaintiff has failed to meet its burden, and the petition had to be dismissed.

We respectfully request your honorable court affirm our orders in this case and dismiss plaintiff's petition for a transfer of venue.

---

5. At p.3.