J-A06039-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| EDWARD ONUFER | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| LEHIGH VALLEY HOSPITAL, INC., D.B.A. LEHIGH VALLEY HEALTH NETWORK; LEHIGH VALLEY HOSPITAL PLANNING COUNCIL D.B.A. LEHIGH VALLEY HEALTH NETWORK; LEHIGH VALLEY HEALTH NETWORK REALTY HOLDING COMPANY D.B.A.  LEHIGH VALLEY HEALTH NETWORK; LEHIGH VALLEY HEALTH NETWORK, INC. D.B.A. LEHIGH VALLEY HEALTH NETWORK; LEHIGH VALLEY HEALTH SERVICES, INC. D.B.A. LEHIGH VALLEY HEALTH NETWORK; LEHIGH VALLEY HEALTH , INC. D.B.A. LEHIGH VALLEY HEALTH NETWORK; CROTHALL HEALTHCARE, INC. D.B.A.CROTHALL HEALTHCARE; CROTHALL FACILITIES MANAGEMENT, INC. D.B.A. CROTHALL HEALTHCARE; CROTHALL LAUNDRY SERVICES, INC. D.B.A. CROTHALL HEALTHCARE; CROTHALL SERVICES GROUP, INC. D.B.A.CROTHALL HEALTHCARE; CROTHALL SERVICES, INC. D.B.A. CROTHALLHEALTHCARE; AND EUREST SERVICES, INC. D.B.A. CROTHALL HEALTHCARE | |
| | No. 2408 EDA 2016 |

Appeal from the Order July 8, 2016
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 160102000

BEFORE:  PANELLA, J., SHOGAN, J., and RANSOM, J.

MEMORANDUM BY RANSOM, J.:                    **FILED MAY 04, 2017**

Appellant, Edward Onufer, appeals from the order entered July 8, 2016, sustaining Appellee Lehigh County's preliminary objection to improper venue and transferring the matter to Lehigh County. We affirm.

Appellant commenced this action on January 18, 2016, filing a complaint raising counts of negligence against defendants. *See* Complaint, 1/18/16, at ¶¶ 1-16. The complaint alleged that in January 2014, Appellant was injured following a slip and fall inside Lehigh Valley Health Network-Cedar Crest. *Id.* at 16.

The Lehigh Valley Hospital Appellees[1] filed preliminary objections to the complaint, arguing that venue was improper in Philadelphia. *See* Preliminary Objections, 2/5/16, at ¶¶ 5-17. The trial court overruled these objections after additional defendant, Crothall Healthcare, Inc., filed an answer to the complaint admitting it regularly conducted business in Philadelphia County. *See* Answer to Complaint, 2/19/16, at ¶ 14; Order, 3/3/16, at 1.

On May 5, 2016, Lehigh Valley Hospital Appellees filed a joinder complaint naming Lehigh County as an additional defendant. Lehigh County filed preliminary objections arguing that venue was improper in Philadelphia

---

[1] Lehigh Valley Hospital, Inc. d/b/a Lehigh Valley Health Network; Lehigh Valley Hospital Planning Council d/b/a Lehigh Valley Network; Lehigh Valley Network Realty Holding Company d/b/a Lehigh Valley Health Network; Lehigh Valley Health Network, Inc. d/b/a Lehigh Valley Health Network; and Lehigh Valley Health Services Inc. d/b/a Lehigh Valley Health Network.

County, that it had immunity from suit under the Political Subdivision Tort Claims Act,[2] lack of capacity to sue as Appellant did not provide the required notice pursuant to 42 Pa.C.S. § 5522, and that the two-year statute of limitations had expired. *See* Preliminary Objections, 6/1/16, at 1-8.

The Lehigh Valley Hospital Appellees filed preliminary objections to Lehigh County's preliminary objections, arguing that Lehigh County's objections concerned issues that are improperly addressed at the instant stage of the proceedings. *See* Preliminary Objections, 6/9/16, at ¶¶ 1-13. Appellant also filed a response, arguing that Lehigh County should be dismissed as an additional defendant because it could not be held liable under the Political Subdivision Tort Claims Act ("PSTCA"), and because the joinder of Lehigh County was an attempt to evade the previous ruling that venue was proper in Philadelphia County. *See* Answer to Preliminary Objections, 6/29/16, at ¶¶ 1-10.

On July 1, 2016, the court issued an order sustaining Lehigh County's preliminary objections. *See* Trial Court Opinion (TCO), 9/2/16, at 3. The court dismissed the joinder complaint on the basis of the PSTCA, transferred venue to Lehigh County, and ordered the Lehigh County Court of Common Pleas to decide the remaining preliminary objections. *Id.*

---

[2] 42 Pa.C.S. §§ 8541-8564.

However, on July 8, 2016, the court vacated its July 1, 2016 order. The court overruled the Lehigh Valley Hospital Appellees' preliminary objections to Lehigh County's preliminary objections, transferred the matter to Lehigh County, and ordered the remainder of Lehigh County's preliminary objections to be decided by the Lehigh County Court of Common Pleas.

Appellant timely appealed. The trial court did not issue an order to file a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), but issued an opinion pursuant to Pa.R.A.P. 1925(a).

On appeal, Appellant raises the following questions for our review:

1. Whether [Appellant] was entitled to his choice of venue after the [c]ourt had issued a ruling making venue in Philadelphia proper?

2. Whether the trial court abused its discretion by withdrawing a ruling making venue proper in Philadelphia and transferring venue to another county for that court to decide the previously-decided issue?

Appellant's Brief at 4.

In his first issue, Appellant asserts that he is entitled to his choice of venue in Philadelphia. *See* Appellant's Brief at 8 (citing in support *Zappala v. Brandolini Prop. Mgmt., Inc.*, 909 A.2d 1272, 1281 (Pa. 2006) ("[A plaintiff's] choice of forum is entitled to weighty consideration and should not be disturbed lightly."). Thus, according to Appellant, the court erred when, upon consideration of the joinder complaint naming Lehigh County as an additional defendant, it transferred this matter to the Lehigh County Court of Common Pleas. *Id.* Appellant raises several arguments in support of this

contention. *Id.* at 8-10. However, we need not address these arguments in detail, as the court's decision is supported by clear precedent.

Our standard and scope of review are well-settled:

It is well established that a trial court's decision to transfer venue will not be disturbed absent an abuse of discretion. A [p]laintiff's choice of forum is to be given great weight, and the burden is on the party challenging the choice to show it was improper. However, a plaintiff's choice of venue is not absolute or unassailable. Indeed, if there exists *any proper basis* for the trial court's decision to grant a petition to transfer venue, the decision must stand.

*Fritz v. Glen Mills Schools*, 840 A.2d 1021, 1023 (Pa. Super. 2003) (emphasis in the original). The party seeking a change of venue bears the burden of proving such a change necessary. *Zampana-Barry v. Donaghue*, 921 A.2d 500, 502 (Pa. Super. 2007).

Both Appellant, the Lehigh Valley Appellees, and the lower court agree that, prior to the joinder of Lehigh County, a political subdivision, Philadelphia County was the proper venue for this action. *See* Pa.R.C.P. 76 ("A political subdivision is defined as 'any county, city, borough, incorporated town, township, school district, vocational school district, county institution district or municipal or other local authority[.]'") However, the Pennsylvania Rules of Civil Procedure provide that an action against a political subdivision may be brought only in the county in which the political subdivision is located. *See* Pa.R.C.P. 2103(b).

In cases involving multiple defendants where one of those defendants is a political subdivision, venue is proper only in the county in which the

political subdivision is located. *See Ward v. Lower Southampton Twp.*, 614 A.2d 235, 238 (Pa. 1992). Further, when a joinder complaint names a political subdivision as an additional defendant, venue is proper only in the county in which that subdivision is located, even if it was previously proper in another county. *See Ribinicky v. Yerex*, 701 A.2d 1348, 1351 (Pa. 1997).

Here, the joinder of Lehigh County necessitated the transfer of venue to the Lehigh County Court of Common Pleas, and accordingly, the court did not abuse its discretion in transferring the case.[3] *See Ribinicky*, 701 A.2d at 1351; *Fritz*, 840 A.2d at 1023.

Next, Appellant argues that the court properly struck the Lehigh Valley Appellees' joinder complaint because it was barred by the governmental immunity provision PSTCA. *See* Appellant's Brief at 10. Appellant avers that because the immunity defense was clear on the face of the joinder complaint, the complaint was properly dismissed. *Id.* at 12.

As discussed, *supra*, the trial court's July 1, 2016 order dismissed Lehigh County from the action and transferred venue to the Court of Common Pleas of Lehigh County. However, properly exercising its

---

[3] Appellant's argument that the dismissal of the joinder complaint on July 1, 2016, "eliminated the County as a party, and thus eliminated the County's preliminary objection to venue in Philadelphia," is meritless. *See* Appellant's Brief at 8. Appellant does not support this contention with any citation to authority or acknowledge that a court may modify or rescind any order within thirty days of its entry. *See* 42 Pa.C.S. § 5505.

discretion, the trial court vacated this order on July 8, 2016. **See** 42 Pa.C.S. § 5505; **see also  Verholek v. Verholek**, 741 A.2d 792, 798 (Pa. Super. 1999) (noting that the lower court's authority to modify or rescind an order is almost entirely discretionary and may be exercised *sua sponte*).  Here, Appellant has cited no authority to demonstrate that the trial court's exercise of its power under 42 Pa.C.S. § 5505 was an abuse of discretion. **See** Appellant's Brief at 10-11.  Further, Appellant has cited no authority to support his contention that the Lehigh County Court of Common Pleas should not determine the merits of the governmental immunity objections. **Id.**  Accordingly, Appellant has waived this argument for purposes of appeal. **See** Pa.R.A.P. 2119(a)-(c); **see also Commonwealth v. Knox**, 50 A.3d 732, 748 (Pa. Super. 2012) ("[T]he argument portion of an appellate brief must be developed with a pertinent discussion of the point which includes citations to the relevant authority.")

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/4/2017

- 7 -